HOBSON, Acting Chief Judge.
R.B., a juvenile, appeals an order which followed the denial of a motion to suppress two cannabis cigarettes seized from him by police officers after a stop. We reverse because there were insufficient facts to justify the stop.
The only persons to testify at the suppression hearing were Officers Volare and Asada of the Tampa Police Department. The following facts were revealed by their testimony: At between 2:00-2:45 p.m. on February 2, 1982, Officers Volare and Asa-da were traveling eastbound on Buffalo Avenue while on routine patrol when they saw appellant walking westbound on the sidewalk. Upon spotting the officers’ squad car, appellant quickly put his hand in his jacket pocket and began “walking faster” or “a little faster than normal.” Volare turned the squad car around and pulled it over. He and Asada then exited the car and called appellant over to them. Appellant complied. The officers then positioned themselves around him.
The officers’ testimony was in conflict as to what happened after they surrounded appellant. Volare testified that he requested appellant to remove his hand from his jacket pocket. However, appellant declined to do so and started to walk away. Volare then asked him his name and appellant gave it. Volare, knowing that members of appellant’s family had committed violent crimes in the past, asked appellant several times to take his hand out of his pocket. After appellant repeatedly refused, Asada grabbed his arm. A struggle ensued. When the officers finally managed to pull his arm out of his pocket, two cannabis cigarettes fell to the ground. According to Asada’s testimony, appellant, upon being surrounded, quickly reached into his jacket pocket. Ostensibly thinking that appellant was reaching for a weapon, Asada grabbed his arm. Appellant resisted and the three fell to the ground. When the officers managed to pull appellant’s arm free, the cannabis cigarettes fell out.
The officers immediately arrested appellant for possession of cannabis and for resisting arrest without violence.
Defense counsel thereafter moved to suppress the evidence, asserting that the officers did not have a founded suspicion upon which to stop appellant. The trial court denied the motion after conducting the suppression hearing. Appellant then entered a plea of no contest, reserving the right to appeal the denial of the motion.
In order to justify a temporary detention, a police officer must have a “founded” suspicion that the person has committed, is committing, or is about to commit a crime. Section 901.151, Florida Statutes (1981); Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980). A “bare” suspicion that the person has committed, is committing, or is about to commit a crime cannot support a temporary detention. Mullins v. State, 366 So.2d 1162 (Fla.1979); Kearse; *817 State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978).
In the case at bar, the officers stopped appellant solely because appellant, upon seeing their squad car, quickly placed his hand in his jacket pocket and started walking faster. In our opinion, these facts did not give rise to more than a bare suspicion of illegal activity. See Kearse. Therefore, the court erred in denying his motion to suppress. Mullins; Kearse.
Accordingly, the order is reversed.
REVERSED.
RYDER and CAMPBELL, JJ., concur.