LETTS, Chief Judge.
The defendant was charged with two separate counts of possession of cannabis in excess of twenty grams. The State appeals the order granting defendant’s motion to suppress physical evidence, the court stating in its order that it found the facts and circumstances within the officer’s knowledge to be an insufficient basis to believe that an offense had been committed. We reverse.
During a stake-out, Officer Dykema saw defendant talking with a codefendant in front of the Green Seas Hotel. It was the first time Dykema had ever seen the code-fendant, although Officer Wagoner, who was with Dykema, knew the codefendant from prior investigations to be both a purchaser and a seller of narcotics. Officer Wagoner also testified to seeing the code-fendant enter a bar known for drug transactions, leave, and then go to the Green Seas Hotel, where he left his vehicle and began conversing with defendant. Both officers saw defendant walk around the north side of the hotel building and return a few minutes later carrying a brown grocery or shopping bag, which he then handed to the codefendant who opened the bag, looked into it, stuck his head in the bag as if to smell it, then placed it in his automobile.
After the codefendant placed the bag in his car behind the driver’s seat, the officers saw him hand defendant an undetermined amount of money. With the codefendant driving, the two suspects then drove away. Three blocks later the officers stopped the suspects’ car. Officer Wagoner pulled the bag out of the car and saw a leafy substance inside that appeared to be marijuana. Defendant was arrested after Officer Wagoner had observed the contents of the bag. Officer Dykema repeatedly testified that they immediately believed a narcotic transaction, probably involving marijuana, had taken place because what they saw comported with narcotics transactions that they had seen before. Both officers testified as to their extensive experience in narcotics investigations and arrests.
This case is not unlike Skelton v. State, 349 So.2d 193 (Fla. 3d DCA 1977), where the arresting officer was highly experienced and often involved in drug related arrests. He was well acquainted with the neighborhood in which the arrest took place. He testified that he saw a young man walk up to the defendant, and hand him a stack of small brown packets, each being 2" by 3" in size. The defendant placed the packets into his jacket. The officer exited his patrol car, retrieved the packets and arrested the defendant. The officer testified that cannabis is often distributed in packets similar to those he had taken from the defendant and he believed a drug sale was in process. The court found *79 that under the totality of the circumstances the arresting officer had probable cause to believe the packets contained marijuana and that a narcotics sale was in progress. In the case before us, we have the circumstances of the bag’s contents being sniffed, money changing hands and the personal knowledge of one of the officers'that one of the suspects had previously been involved with narcotics. As stated in Davis v. United States, 409 F.2d 458, 460 (D.C.Cir.1969), conduct innocent in the eyes of the untrained, may connote something entirely different to the experienced or trained observer, sufficient to support a stop and a search as we believe it did under the facts of this case.
Reversed and remanded for further proceedings.
HERSEY, J., concurs.
ANSTEAD, J., dissents with opinion.