433 So.2d 9 (1983)
Reginald FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
Lovette L. CLARK, Appellant,
v.
STATE of Florida, Appellee.
Nos. 82-547, 82-986.
District Court of Appeal of Florida, Second District.
May 25, 1983.
Rehearing Denied June 22, 1983.
Jerry Hill, Public Defender, Bartow, and Glenn E. Brown, Asst. Public Defender, Tampa, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Reginald Freeman and Lovette Clark appeal orders placing each on two years probation following a denial of their motions to suppress. We reverse.
*10 The state charged appellants with burglary of a conveyance in violation of section 810.02, Florida Statutes (1981). No one testified at the hearing on appellants' motions to suppress. Instead, appellants' counsel and the assistant state attorney combined to give the following sketchy account of the facts:
At approximately 2:20 a.m. on September 15, 1981, Officers Cope and Burney of the Tampa Police Department were traveling on 113th Avenue past the Village Square Apartments in Tampa when they observed three individuals, one of whom was carrying a lit flashlight, walking in the parking lot of the complex. They did not see them touching any automobiles and did not see any automobiles which had been tampered with. Although they were aware that there had been quite a few automobile break-ins at this particular parking lot, there were not any reports of a burglary in progress. The officers drove down the block, turned around, came back approximately two minutes later, and observed an automobile with several individuals inside exiting the parking lot. Officer Burney could not say that they were the same individuals whom they had just observed. The officers stopped the vehicle, inquired of its occupants, arrested them for burglary of an automobile in the parking lot, and seized unspecified evidence.
The court below denied appellants' motions to suppress, stating in pertinent part:
I think certainly carrying a flashlight carries some weight. I think it's unusual to carry a flashlight. I don't recall the last time I went walking through a parking lot with a flashlight but I am going to deny the Motion to Suppress. I think it's a justifiable stop.
After appellants entered pleas of nolo contendere,[1] the court below filed orders withholding adjudication of guilt and imposition of sentence as to each appellant and placing each on two years probation.
Appellants contend here that the stop of their car was invalid. Based upon the skeletal factual picture drawn by counsel for both sides below, we are compelled to agree.
It is settled that, in order to justify a temporary detention, a police officer must have a "founded" suspicion that the person has committed, is committing, or is about to commit a crime. Section 901.151, Florida Statutes (1981); Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980). A "bare" suspicion of illegal activity cannot support a stop. Mullins v. State, 366 So.2d 1162 (Fla. 1979); R.B. v. State, 429 So.2d 815 (Fla. 2d DCA 1983); Kearse; State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978). Although carrying a lit flashlight in the early morning hours through a parking lot which has suffered a rash of vehicle burglaries may give rise to a "bare" suspicion of illegal activity, it does not, without more, give rise to a "founded" suspicion of illegal activity. Here, the facts show only that the individuals were walking through the parking lot with a lit flashlight. There is nothing to indicate that the officers were aware of anything else which might have led them to reasonably believe that the individuals were engaged in illegal activity. Thus, we reverse.
While the introduction of testimony at the suppression hearing may have led to a more detailed portrayal of the facts, and, perhaps, an opposite result here, we reject the state's contention that appellants, by not presenting any evidence below, did not carry their burden of going forward with the evidence and making a prima facie showing of an illegal search and seizure. The assistant state attorney relieved appellants of their burden of presenting evidence by not challenging the account of the facts given by their counsel and by participating himself with appellants' counsel in outlining the facts. In essence, the assistant state attorney thereby implicitly stipulated that the only material facts were those presented by counsel for both sides.
*11 Accordingly, we reverse the orders denying the motions to suppress.
REVERSED.
GRIMES and SCHOONOVER, JJ., concur.
NOTES
[1] Although the record on appeal is silent on the matter, we presume that appellants specifically reserved their right to appeal the denial of their motions to suppress since the state does not argue otherwise.