433 So.2d 1301 (1983)
Leonard David WILSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 82-2512, 82-2513.
District Court of Appeal of Florida, Second District.
July 1, 1983.
Jerry Hill, Public Defender, Bartow, and Bryan E. Hopkins, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, Leonard David Wilson, has appealed from an order denying a motion to suppress certain tangible evidence. Since the law enforcement officers did not have the necessary "founded" suspicion to stop and detain the appellant, we reverse.
The appellant was charged with violating the terms and conditions of his probation by stealing forty shirts valued at $160. The facts surrounding the appellant's detention *1302 and subsequent arrest were presented at his probation revocation hearing.
Detectives Gutch and Pierce of the Tampa Police Department first observed the appellant at approximately 10:00 a.m. on Wednesday, September 8, 1982. At that time, he was walking away from the Paradise Bar with a bag under his right arm. After observing the detectives, the appellant transferred the bag to his left arm and changed directions. He then proceeded across a lawn onto the front porch of a house where a girl was sitting. Detective Gutch, while still in his patrol car, asked him if he lived there. When he responded that he did not, and that he was there to visit the girl, the detectives left the patrol car and approached the appellant on the porch. From their respective positions, the officers noticed numerous items of clothing in the bag. When they asked the appellant what was in the bag, he pulled out a shirt. Subsequent questioning led to the seizure of the bag, which contained forty shirts, and the arrest of the appellant.
The appellant's motion to suppress the evidence and subsequent statements given to the officers was denied. After the court heard additional testimony concerning the ownership and value of the shirts, the appellant was found guilty of violating the terms and conditions of his probation, and it was revoked. After the court sentenced the appellant on the underlying charges, this appeal timely followed.
We agree with the appellant's contention that none of his actions supported a well-founded suspicion of criminal activity, and therefore, his motion to suppress should have been granted.
A police officer may detain a person on less than probable cause but not on a bare suspicion that he has violated, is violating, or is about to violate the law. Coladonato v. State, 348 So.2d 326 (Fla. 1977).
In order to justify a temporary detention of a person, there must be a "founded" suspicion in the mind of the officer that the person has committed, is committing, or is about to commit a crime. Freeman v. State, 433 So.2d 9 (Fla. 2d DCA 1983); R.B. v. State, 429 So.2d 815 (Fla. 2d DCA 1983); Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980); State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978); § 901.151, Fla. Stat. (1981).
A founded suspicion is a suspicion which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer's knowledge. State v. Stevens. Mere or bare suspicion cannot support a detention and is no better than random selection, mere guesswork, or a hunch and has no objective justification. In this case, Detective Gutch candidly testified that he decided to approach the appellant on a "hunch." In addition to his personal observation, i.e., the appellant changing the package he was carrying from one arm to another, and changing directions in his walk, the officer's personal knowledge included that the incident occurred in a high crime area and the appellant did not live at the home he approached.
The officer's "hunch" was no better than a bare or mere suspicion, and accordingly, the appellant's motion to suppress the bag and the subsequent statements should have been granted. An officer who observes a person change directions of travel and change a bag from one arm to another in a high crime area may have his suspicion aroused, but he does not have a "founded" suspicion as required by law. McClain v. State, 408 So.2d 721 (Fla. 1st DCA 1982); R.B. v. State.
We accordingly reverse the finding of guilt which was based upon the evidence illegally obtained and direct that the appellant's probation be reinstated.
REVERSED and REMANDED.
OTT, C.J., and GRIMES, J., concur.