454 So.2d 739 (1984)
LaMarcus Edward CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1844.
District Court of Appeal of Florida, Second District.
August 17, 1984.
*740 Douglas A. Lockwood, III, of Peterson, Myers, Craig, Crews, Brandon & Mann, P.A., and Leonard C. Carter, Lakeland, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Appellant LaMarcus Edward Carter challenges an order denying his motion to suppress cocaine seized from his vehicle during a warrantless search. We reverse.
Carter pled not guilty to the charge of possession of cocaine. Following a jury trial, he was found guilty as charged, adjudicated, and sentenced to a five-year probationary term, conditioned upon payment of a fine and service of a period of incarceration. This timely appeal ensued.
The facts are not in dispute and can be summarized as follows:
While undercover detectives Boatner and Ivancevitch were patrolling parking lots in the city of Lakeland  allegedly recognized areas for illegal narcotics distribution and use  they observed Carter and two male passengers seated in a lawfully parked Jeep Cherokee in the parking lot of the Office Lounge at approximately 9:00 p.m. The lounge was open at the time. The detectives' attention focused upon the vehicle because it was obviously parked, its interior dome light was on, and its occupants were looking around but making no attempt to get out.
Boatner and Ivancevitch drove past the vehicle, assumed a surveillance position in the parking lot, and observed the suspects for approximately three to five minutes. During this period, the detectives saw Carter, the driver, look toward the front and back of the vehicle "as though looking for someone who might be watching him" and then bend down toward the middle of the front seat on at least two occasions. Based upon their experience as narcotics investigators, the officers believed that these motions were consistent with the inhalation of cocaine and "felt" or "suspected" that a controlled substance might be present in the vehicle and that criminal activity might be taking place.
The foregoing observations prompted Boatner and Ivancevitch to radio for police back-up, exit their car, and approach the suspect vehicle to further their investigation. During their approach, the officers *741 heard one passenger say, "They're cops." Boatner then observed the passenger throw a commercially rolled cigarette out of the back window of the vehicle; Ivancevitch witnessed the same activity but was unable to identify the item discarded. Believing that the passenger's recognition of them as police officers gave them "even further latitude in [their] investigation," the officers rushed to opposite sides of the vehicle, produced departmental identification, and secured the occupants after "brandish[ing]" Boatner's service revolver. In the process of securing the occupants, Boatner observed Carter place a rolled bill, which Boatner recognized as a common implement for cocaine inhalation, in Carter's right front pants' pocket. While later removing Carter from the vehicle, Ivancevitch observed a "white powdery substance," which he believed to be cocaine, on the armrest of the front seat. Upon detecting the powdery substance, Ivancevitch formally arrested Carter, searched him, and found a rolled twenty dollar bill in his right front pants' pocket. A subsequent search of the vehicle produced what may have been traces of cocaine on the armrest; however, the officers found no other evidence of contraband either in the vehicle or on Carter's person.
When presented with the foregoing facts in Carter's motion to suppress, the trial court concluded that the officers possessed a well-founded suspicion of criminal activity which authorized them to approach Carter's vehicle and to conduct a lawful investigatory stop and detention under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and section 901.151, Florida Statutes (1981). We disagree.
Neither party contends that the officers' initial interaction with the occupants of the suspect vehicle was anything less than an investigatory detention under Terry, which was justifiable only if the officers possessed a "founded" suspicion of the occupants' criminal activity.[1]Wilson v. State, 433 So.2d 1301 (Fla. 2d DCA 1983); Freeman v. State, 433 So.2d 9 (Fla. 2d DCA 1983); R.B. v. State, 429 So.2d 815 (Fla. 2d DCA 1983); State v. Perera, 412 So.2d 867 (Fla. 2d DCA), petition for review denied, 419 So.2d 1199 (Fla. 1982); § 901.151, Fla. Stat. (1981). See Terry v. Ohio; United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 65 L.Ed.2d 497 (1980) (distinction exists between a police intrusion which amounts to "seizure" of the person and an encounter which intrudes upon no constitutionally protected interest); Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); United States v. Thompson, 712 F.2d 1356 (11th Cir.1983); Lightbourne v. State, 438 So.2d 380 (Fla. 1983); State v. Cahill, 388 So.2d 354 (Fla. 2d DCA 1980). Thus, it is clear that the instant investigatory detention was justified only if a "founded suspicion" existed in the minds of the detaining officers that the suspects had committed, were committing, or were about to commit a crime. Wilson; Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980); State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978).
A "founded suspicion" arises if the circumstances observed by the officer, interpreted in light of the officer's knowledge, reasonably indicate the possible presence of criminal activity. Stevens at 1247. The officer's suspicion is "founded" upon an objective foundation which reasonably supports his assessment of the particular circumstances. Conversely, a "mere" or "bare" suspicion lacks sufficient objective justification and thus is akin to random selection, mere guesswork, or a hunch. Id. Accord Wilson; Freeman. Because a mere suspicion cannot support a valid detention, an officer cannot lawfully infringe upon a citizen's fourth amendment interests solely upon a "hunch" sparked by his professional experience.
*742 In the instant case, it is clear that Detectives Boatner and Ivancevitch seized Carter, or significantly interfered with his liberty, after making only brief observations of conduct which was at least equally consistent with noncriminal activity.[2] Indeed, the officers candidly admitted that their observation of Carter's motions inside of a lighted vehicle, which was lawfully parked outside a lounge during its regular business hours, led them only to "feel," "suspect," or "believe" that criminal activity might be afoot. Therefore, we conclude that the officers' initial observations did not, and in fact could not, give rise to anything more than a bare suspicion of unlawful activity. Although the detectives apparently believed that the back seat passenger's recognition of them as police officers and subsequent action in discarding the commercially rolled cigarette permitted them to take "even further latitude in [their] investigation," we do not agree that these additional observations increased the reasonableness of the officers' suspicion. See Stanley v. State, 327 So.2d 243 (Fla. 2d DCA 1976) (officers dispatched to investigate report of "speeding autos and intoxicated juveniles" did not have founded suspicion to stop nonspeeding vehicle which "appeared to have no destination," even though passenger pointed to police or froze when she saw them and officers believed that something was thrown out of rear window as car stopped).
While the activities observed legitimately may have aroused the officers' suspicions, we do not believe that they created the founded suspicion necessary to justify appellant's detention. Because the initial stop was unlawful, the evidence seized as a result of the illegal detention should have been suppressed. Wong Sun v. United States, 371 U.S. 471, 83 So.2d 407, 9 L.Ed.2d 441 (1963); Caladonato v. State, 348 So.2d 326 (Fla. 1977); Lewis v. State, 382 So.2d 1249 (Fla. 5th DCA 1980); Whitley v. State, 349 So.2d 840 (Fla. 2d DCA 1977). Accordingly, we reverse Carter's conviction and remand with directions for his discharge.
We have reviewed appellant's remaining contentions and have found them to be without merit.
REVERSED and REMANDED.
SCHEB and SCHOONOVER, JJ., concur.
NOTES
[1] Carter maintains that the seizure was, in fact, an arrest which was justifiable only if the higher standard of probable cause were satisfied. While we need not address this issue in light of our holding, we note that this court rejected a similar contention in State v. Perera, 412 So.2d 867, 870-71 (Fla. 2d DCA), petition for review denied, 419 So.2d 1199 (Fla. 1982).
[2] Carter could have been searching for a misplaced cigarette lighter, as he maintained at trial, or performing numerous other innocent activities.