469 So.2d 826 (1985)
G.J.P., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2083.
District Court of Appeal of Florida, Second District.
April 24, 1985.
Rehearing Denied May 24, 1985.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
*827 Jim Smith, Atty. Gen., Tallahassee, and Davis G. Anderson, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Acting Chief Judge.
By this appeal, appellant, G.J.P., a child, challenges a trial court order denying a motion to suppress certain evidence seized from him. Upon the denial of his motion, appellant pled nolo contendere to a misdemeanor charge of possession of a controlled substance and reserved his right to appeal the court's order. The court accepted appellant's plea, withheld adjudication of guilt, and placed appellant into the juvenile alternative services program. We find the trial court erred in denying appellant's motion to suppress and, accordingly, reverse.
At approximately 7:00 p.m. on Friday, June 8, 1984, two police officers on routine patrol observed an automobile with two occupants parked in an alley leading into an open field. A bicycle was parked next to the automobile. Although the automobile was parked in what was known as a high crime area, the officers had not received any reports that a vehicle had been stolen or that any crime had been committed in the area.
The police officers left their cruiser and, while approaching the vehicle, saw appellant, who was sitting in the passenger's side of the car, make a quick movement. Appellant's head went down and it also appeared that his hand went down. Appellant and his companion were ordered out of the vehicle and a pat-down search, producing no weapons, was conducted. One of the officers then proceeded to the passenger's side of the vehicle, looked in, and observed a partially concealed baggie containing a brown substance. The officers seized the baggie and arrested appellant and his companion.
Appellant contends that the baggie containing a controlled substance and the statements he made immediately after his arrest should have been suppressed. We agree.
A law enforcement officer may temporarily detain a person for purposes of investigation under circumstances reasonably indicating that the person has committed, is committing, or is about to commit a crime. § 901.151, Fla. Stat. (1983). Although the de tension may be based upon something less than probable cause, it cannot be based upon mere or bare suspicion of criminal activity. Coladonato v. State, 348 So.2d 326 (Fla. 1977); Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984); Wilson v. State, 433 So.2d 1301 (Fla. 2d DCA 1983).
To justify temporary detention of a person, there must be a "founded" suspicion in the mind of the police officer that the person has committed, is committing, or is about to commit a crime. Wilson; Carter; Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980); State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978). A "founded" suspicion is one which has some factual foundation in the circumstances observed by the officer when those circumstances are interpreted in light of the officer's knowledge. Stevens; Wilson. Mere suspicion, on the other hand, is no better than random selection, sheer guesswork, or hunch; it has no objective justification. Stevens.
The police officers in this case had nothing more than a bare suspicion upon which to base their detention of appellant by ordering him out of the car. They did not articulate facts to support the initial suspicion that led them to park the police cruiser and approach appellant. Nothing indicated that it was unusual for people to park their cars in the alley, especially before dark. The fact that appellant was in a car in a high crime area is not, standing alone, sufficient basis upon which to conclude that he was engaged in, or about to become engaged in, criminal conduct. See Brown v. Texas, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979).
The officers' suspicion was not raised to the level of a "founded" suspicion when appellant made a quick movement *828 upon the officers' approach of the vehicle. Currens v. State, 363 So.2d 1116 (Fla. 4th DCA 1978). An officer who observes a car parked in a high crime area and then sees one of the occupants make a quick movement may have his suspicions aroused, but he does not have the "founded" suspicion necessary to legally detain the person for the purpose of further investigation. Currens.
Because appellant was not detained lawfully, the police officers were not lawfully entitled to be in the place where they observed the controlled substance. The state's reliance on the plain view doctrine to uphold the trial court's action is therefore misplaced. Neary v. State, 384 So.2d 881 (Fla. 1980).
We, accordingly, reverse and remand with instructions to discharge appellant for this offense.
Reversed and remanded with instructions.
FRANK and HALL, JJ., concur.