## KOLLISTER v STATE OF FLORIDA

Case No. 85-356-AC (County Court Case No. 55126, 7, 8-LS)

Eleventh Judicial Circuit, Appellate Division, Dade County

April 1, 1987

### APPEARANCES OF COUNSEL

**Bennett H. Brummer**, Public Defendner, **Howard K. Blumberg**, Assistant Public Defender, for appellant.

**Jim Smith,** Attorney General, and **Michele L. Crawford,** Assistant Attorney General, for appellee.

Before HENDERSON, SALMON, MASTOS, JJ.

## OPINION OF THE COURT

MICHAEL H. SALMON, Judge.

An appeal has been brought before this court attacking judgments of conviction and an order placing the defendant on probation, entered following a non-jury trial. The issue on appeal is whether the interaction between police and appellant constituted an illegal stop in violation of the Fourth Amendment to the United States Constitution, Article I § 12 of the Florida Constitution and § 901.51, Fla. Stat. (1983) and thus whether all evidence obtained as a result should have been suppressed and the charge dismissed.

The facts of the case are as follows: At approximately 6:45 P.M. on July 1, 1985 Officer Carlos De Barona of the Hialeah Police Department observed a jeep driving in and out of parking lots in a Hialeah business district. Though the officer believed this to be a high crime area, he did not receive any reports of crimes having been committed in the vicinity at the time. The jeep parked on the opposite side of the street and De Barona observed appellant get out of the jeep and use a telephone on the street. After appellant hung up the telephone he began to walk towards a bar across the street away from where De Barona and his partner were parked. De Barona stopped appellant and told him to produce identification. When he failed to comply appellant was placed under arrest for driving while not carrying a valid driver's license and eventually charged with driving while his driver's license was suspended or revoked. After being read his constitutional rights as required by *Miranda,* appellant made false statements which, along with all other evidence obtained subsequent to the stop, became the subject of a motion to suppress on the day of trial based on appellant's allegations that the statement was obtained by exploitation of an illegal stop in violation of the Fourth Amendment of the U.S. Constitution, Article 1 § 12 of the Florida Constitution and § 901.151, Fla. Stat. (1983).

A law enforcement officer may temporarily detain a person for investigative purposes where circumstances reasonably indicate that such person has committed, is committing or is about to commit a crime. § 901.151, Fla. Stat. (1983). The detention must be based on a "founded" suspicion which is one that has some factual foundation in the circumstances observed by the officer when these circumstances are

154

interpreted in the light of the officer's knowledge. But mere suspicion is no better than random selection, sheer guesswork, or hunch; it has no objective justification. *G.J.P. v. State*, 469 SO.2d 826 (Fla. 2d DCA 1985); *Wilson v. State*, 433 So.2d 1301 (Fla. 2d DCA 1983).

The police officers who stopped appellant as he attempted to cross the street and walk away from them had nothing more than a bare suspicion upon which to base that detention. There is nothing suspicious about driving in and out of different parking lots in a shopping district at 6:45 P.M. nor getting out of the automobile to use a pay phone. Though the appellant was in a so-called "high crime area", the officers were not investigating any specific reports of criminal activity at the time they observed him. Appellant's attempt to walk away from the police officers as they approached might have raised a mere or bare suspicion of criminal activity, but it could not give rise to the founded suspicion of criminal activity required to justify appellant's detention.

Appellee relies heavily on *Palmer v. State*, 467 So.2d 1063 (Fla. 3d DCA 1985) in seeking an affirmance. In that case the defendant was approached by narcotics officers in a railway station. Palmer voluntarily agreed to speak with them and then gave permission to look inside his tote bag in which contraband was found. Such interaction was held to be a mere contact which did not involve a constitutional "seizure" of his person and thus no suspicion of unlawful activity was required. In contrast, a person has been seized within the meaning of the Fourth Amendment whenever a police officers accosts an individual and restrains his freedom to walk away. *Login v. State*, 394 So.2d 183 (Fla. 3d DCA 1981). In the case at bar defendant was directed to stop walking across a street, commanded to present some form of identification and arrested after he did not do so. We hold this to be a seizure of appellant requiring the existence of a prior founded suspicion of criminal activity which was not present here.

Judgment will not be reversed unless error was prejudicial to a substantial right of the defendant. § 924.33 Fla. Stat. (1979). Since the seizure took place in violation of appellant's Fourth Amendment rights under the United States Constitution, Article 1, § 12 of the Florida Constitution and § 901.151 Fla. Stat. (1983) such prejudice is quite obvious. Accordingly, the trial court erred in denying appellant's motion to suppress. For these reasons the judgment of conviction and sentence appealed are reversed.

Reversed and remanded, with directions to discharge the defendant.

MASTOS, J., concurs.

HENDERSON, J., dissents without opinion.