RYDER, Acting Chief Judge.
Appellant, a resident of Cocoa Beach, Florida, was arrested in Lakeland and charged by information with possession of cocaine, possession of cannabis and possession of drug paraphernalia. He filed a motion to suppress evidence seized from his person and automobile.
At the hearing on the motion to suppress, the state called Detective Rodriguez, the arresting officer, to testify. Detective Rodriguez testified as to his specialized training in dealing with narcotics detection and then testified to the events leading up to the arrest of appellant. He testified that while he and another officer were working in an undercover capacity, he observed appellant in his vehicle. He observed appellant looking down in his lap, and from the movement of his shoulders, appellant appeared to be manipulating something. As he and the other detective approached the vehicle, he noticed appellant’s head go down toward the center console. He stated that after appellant saw him and the other officer, appellant moved his automobile. Detective Rodriguez again *47 approached the automobile and again saw appellant’s head go down toward the center console of the automobile. He testified that from previous experiences appellant’s actions were consistent with the preparation of narcotics, particularly cocaine. Detective Rodriguez then testified that he approached the vehicle, produced identification and told appellant he suspected him of using narcotics and asked him to step out. Detective Rodriguez then testified, “When he stepped out of the car, I removed a pack of cigarettes from his left front breast pocket of his shirt. There were only a few cigarettes in there. I could see one was a hand-rolled cigarette. I asked Mr. Teresi if cocaine was in this hand-rolled cigarette. He said no, it was not; it was under the front seat of the automobile.” Detective Rodriguez then searched the automobile, found cocaine and paraphernalia, and arrested appellant.
On cross-exam, defense counsel brought out the fact that appellant’s car windows were not tinted, and the time of the confrontation was approximately 5:30 in the afternoon — so it was light outside. Detective Rodriguez admitted that at no time prior to removing the hand-rolled cigarette from appellant’s cigarette pack did Rodriguez observe anything that would constitute narcotic paraphernalia or cocaine or a controlled substance even though he had the opportunity to observe the inside of the car both when he walked by the car and when he approached the car to remove appellant.
Defense counsel called appellant to testify at the hearing. He testified that when he first observed the two detectives, he feared that they might rob him because they “walked down both sides of my vehicle and stopped directly behind it looking in the back window.” Appellant testified that he moved his car because he thought they were possibly going to rob him. Appellant testified that both detectives were dressed very casual. He testified that he was not using cocaine, but was looking at a map in his lap to figure out how to leave the Lakeland Civic Center to have easy access back to the freeway. Appellant testified he was using a map because he was unfamiliar with the area. He testified he moved his car to a more open and public area so that the men he observed looking at his car would not “try anything.” Appellant stated after he relocated his car, he was not watching for the plain clothes officer, but Detective Rodriguez came up to the car, opened the door abruptly and identified himself. No testimony material to the issue at hand was brought out during the cross-examination of appellant.
The trial court denied appellant’s motion to suppress. A negotiated plea agreement was entered into in which the state nol prossed the felony cocaine count, appellant pleaded nolo contendere to the misdemean- or marijuana and paraphernalia charges, and the parties stipulated that the denied motion to suppress was dispositive of the case. Appellant was sentenced in accordance with the plea agreement and this appeal ensued.
We reverse. The detectives here had nothing more than a bare suspicion (more like a hunch) of criminal activity when they stopped, searched and arrested appellant. Indeed, the facts supporting the officers’ conduct here are even weaker than the facts this court found insufficient in Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984). Detective Rodriguez did not observe any illegal drugs or activity during either of the two times he had to observe the inside of appellant’s car: during the initial “walk by”; and during the time he removed appellant from the vehicle. Appellant gave a very plausible explanation of his activities: bending over because he was reading a map; moving his car because of suspicious characters. Appellant’s observed activities were at least equally consistent with noncriminal activity. Id. at 742. The detective did not have a “founded suspicion” to stop appellant. In addition, the detective had no legal justification to search appellant’s cigarette pack. The detective did not articulate any facts that would lead one to believe that the cigarette pack had anything to do with the alleged criminal activity. The detective suspected appellant was using cocaine, not cannabis. The detective proceeded to detain and search appellant on *48 nothing more than a bare suspicion. The cocaine and paraphernalia were only found after appellant acquiesced to the authority of the detective at the time of the unlawful search of the cigarette pack.
We reverse the trial court, vacate its order denying the motion to suppress and remand with instructions that appellant’s motion to suppress be granted.
Reversed and remanded with instructions.
SCHOONOVER and SANDERLIN, JJ., concur.