520 So.2d 696 (1988)
STATE of Florida, Appellant,
v.
Michael Thomas HOOVER, Appellee.
No. 87-0784.
District Court of Appeal of Florida, Fourth District.
March 2, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Deborah Guller, Asst. Atty. Gen., West Palm Beach, for appellant.
*697 James T. Long of James T. Long, P.A., Vero Beach, for appellee.
PER CURIAM.
A deputy observed the defendant's car at around four or five in the afternoon in a heavy drug sales area. The defendant, a white male,[1] was the only person in the car. A black male was leaning up against the driver's door. The area was predominantly black and known for crack cocaine sales.
The officer, after passing the car, observed the pedestrian walk away "kinda fast" into a trail in the woods. The officer then followed the car, which had left the scene, and pulled it over. He did not stop the car for any traffic violation, but because he suspected the driver had been involved in a drug deal.
Although the officer had seen no drugs nor money exchange hands, he believed a drug deal had occurred because a white man was talking to a black man in a predominantly black, high drug area. When the deputy approached the car, he asked the defendant "where did you put that rock you just bought." The defendant gave the officer a box of cigarettes containing a cocaine rock. The officer then arrested the defendant, and conducted an inventory search of the car, which revealed marijuana.
The defendant filed a motion to suppress, which was granted after a hearing. In the order on the motion, the judge pointed out that the officer testified that he did not see a drug transaction taking place, nor did he recognize the black male as a drug dealer. The judge stated:
It is axiomatic that these facts reveal an encounter between a law enforcement officer and a private citizen that is nonconsensual in nature. Thus, in order to justify the initial encounter or stop the officer must have possessed a "founded suspicion" that criminal activity was taking place, had taken place, or was about to take place." (see generally Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and G.J.P. v. State, 469 So.2d 826 (Fla. 2d DCA 1985).
The state contends that the officer had a founded suspicion to stop the appellant's car based on the totality of the circumstances, and that therefore no taint attached to the evidence seized. To make a valid investigatory stop of an automobile, the officer must have a founded or reasonable suspicion that the person has committed, is committing, or is about to commit a criminal offense. Wilhelm v. State, 515 So.2d 1343 (Fla. 2d DCA 1987); State v. Kibbee, 513 So.2d 256 (Fla. 2d DCA 1987); Bartlett v. State, 508 So.2d 567 (Fla. 2d DCA 1987); State v. Beja, 451 So.2d 882 (Fla. 4th DCA 1984); Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980); State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978); § 901.151(2), Fla. Stat. (1985). A mere or bare suspicion is never sufficient, as it is no better than sheer guesswork and has no objective justification. Coladonato v. State, 348 So.2d 326 (Fla. 1977); State v. Ecker, 311 So.2d 104 (Fla. 1975); Wilhelm v. State, 515 So.2d 1343 (Fla. 2d DCA 1987); Walker v. State, 514 So.2d 1149 (Fla. 2d DCA 1987); Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980).
The officer's suspicion must be founded upon observed facts interpreted in light of his knowledge, training, and practical experience. Williams v. State, 454 So.2d 737, 739 (Fla.2d DCA 1984); State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978). Where reasonable men might differ as to whether the circumstances observed by an officer gave an objective foundation for his suspicion that criminal activity was afoot, certain factors may be considered in determining whether they suggest the possible commission of a crime: the time, the day of the week, the location, the physical appearance of the suspect, the behavior of any vehicle involved, or anything unusual in the situation as interpreted in the light of the officer's knowledge. State v. Kibbee, 513 So.2d 256, 258 (Fla. 2d DCA 1987); Codie v. State, *698 406 So.2d 117, 119 (Fla. 2d DCA 1981); State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978).
The fact that the appellant is in a high crime area is not a sufficient basis upon which to justify a stop. Walker v. State, 514 So.2d 1149 (Fla. 2d DCA 1987); Bartlett v. State, 508 So.2d 567 (Fla. 2d DCA 1987); G.J.P. v. State, 469 So.2d 826 (Fla. 2d DCA 1985). Flight at the sight of an approaching officer is a suspicious circumstances which may justify the belief that the defendant was engaged in criminal activity and therefore justify an investigatory stop, so long as other suspicious circumstances are present. Cobb v. State, 511 So.2d 698, 699 (Fla. 3d DCA 1987). See, e.g., A.E.R. v. State, 464 So.2d 152 (Fla. 2d DCA 1985) (trespassing complaint plus efforts to elude officers); State v. Bell, 382 So.2d 119 (Fla. 3d DCA 1980) (defendant seen peering from alley into first floor window of apartment plus flight); Isham v. State, 369 So.2d 103 (Fla. 4th DCA 1979) (informant's detailed tip regarding defendant's impending drug sale plus flight); Gibson v. State, 368 So.2d 667 (Fla. 3d DCA 1979) (defendant's presence in alley in deserted area early in morning plus flight). However, flight standing alone will not justify a stop, and the fact that the defendant was in a high crime area does not constitute an additional suspicious circumstance such as will elevate the stop to the level of legality. See Cobb v. State, 511 So.2d at 699-700. See also Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980) (fact that defendant walked briskly from car he was leaning into in a high crime area insufficient ground to justify his detention).
A police officer does not possess a founded suspicion that criminal activity is occurring when he merely observes a pedestrian leaning into a car in a high crime area. See State v. Delaney, 517 So.2d 696 (Fla. 2d DCA 1987); Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980).
Here, the state failed to show that the deputy had a sufficient basis upon which to reach a founded suspicion that criminal activity was occurring or about to occur, and thus the evidence was properly suppressed.
The order of the trial court is, therefore, affirmed, and the cause remanded for further proceedings.
GUNTHER and STONE, JJ., concur.
GLICKSTEIN, J., concurs with opinion.
GLICKSTEIN, Judge, concurring.
This case may serve as a brake on what may be an unhealthy trend in narcotics stop cases. In retrospect, Murphy v. State, 512 So.2d 1006 (Fla. 4th DCA 1987), appears to walk on thin constitutional ice. More important, Murphy offers a potential for use in support of erosion of fourth amendment protections.
NOTES
[1] We regret the necessity of making references to race in this opinion, but it is obviously required by the subject matter of the issue.