550 So.2d 545 (1989)
STATE of Florida, Appellant,
v.
Kevin Howard ECKER, Appellee.
No. 88-02683.
District Court of Appeal of Florida, Second District.
October 25, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, Bartow, and D.P. Chanco, Asst. Public Defender, Bartow, for appellee.
ALTENBERND, Judge.
The state appeals the trial court's order granting a motion to suppress evidence of illegal drugs and dismissing the charges against Mr. Ecker. We reverse the trial court's order because the illegal drugs were seized only after a constitutionally valid investigation had established probable cause for an arrest. The critical evidence establishing probable cause was developed during a pre-intrusion observation of the illegal contraband which was in open view. Ensor v. State, 403 So.2d 349 (Fla. 1981).
The only witness who testified at the suppression hearing was the deputy who arrested Mr. Ecker. The deputy testified that he was on routine patrol in Collier County when he passed the Sugar Shack Tavern at approximately 2 a.m. on April 30, 1988. He pulled into the parking lot adjacent to the tavern in order to patrol the lot. The deputy testified that it was his habit to park his vehicle and patrol the lot on foot.
As he was patrolling the lot, the deputy observed Mr. Ecker and a female companion seated in the front seat of a parked *546 vehicle. He did not know who owned the vehicle or the identity of its occupants. The occupants did not notice his presence. When the deputy was approximately twenty feet from the vehicle, he saw Mr. Ecker with his head pointed in the direction of his lap and his arms positioned such that the deputy believed Mr. Ecker might be using drugs. The female companion was also looking down toward Mr. Ecker's lap.
The deputy approached the vehicle on the driver's side from the rear. The occupants still did not notice his presence. The interior of the vehicle was not lighted. The deputy shined his flashlight down into Mr. Ecker's lap and into the front compartment of the vehicle. He observed a clear plastic bag filled with a white substance in Mr. Ecker's lap and suspected that the bag contained cocaine. He also observed Mr. Ecker in the process of rolling a cigarette and observed a clear plastic bag in Mr. Ecker's lap which appeared to contain marijuana. When Mr. Ecker realized he was being observed, he threw the marijuana cigarette from his hand. The deputy then opened the vehicle door and advised Mr. Ecker that he was under arrest. As Mr. Ecker was exiting his vehicle, he attempted to conceal one of the plastic bags. Mr. Ecker was charged with possession of cocaine and marijuana.
At the suppression hearing, Mr. Ecker argued that the initial posture of his head and arms in the car did not give rise to a founded suspicion which would authorize an investigatory detention under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Mr. Ecker relied primarily upon this court's decision in Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984), which admittedly has some factual similarities to this case. The trial court suppressed the illegal drugs because it believed that Carter required this result.
Assuming Mr. Ecker is correct that his initial position in the car did not create a founded suspicion, he overlooks the fact that the deputy's mere approach to the car was not a seizure. State v. Starke, 550 So.2d 547 (Fla. 2d DCA 1989). Mr. Ecker had no reason to believe that he was not free to leave and, consequently, was not seized until the deputy opened the vehicle door and announced that he was under arrest. Michigan v. Chesternut, 486 U.S. 567, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988). By that point, the deputy had ample evidence to justify an arrest.
Although the facts in Carter are similar to this case, there is an important distinction. In Carter, the police officers saw the defendant and two passengers in a car which was lawfully parked in a parking lot adjacent to a tavern. The officers observed the occupants' motions which they believed were consistent with the inhalation of cocaine. As the officers approached to arrest the occupants, one of the occupants discarded a standard cigarette. The officers seized the defendant before they observed any cocaine or cocaine paraphernalia. The defendant was convicted of possession of cocaine. We reversed the defendant's conviction holding that the officers seized the defendant "after making only brief observations of conduct which was at least equally consistent with noncriminal activity." Carter, 454 So.2d at 742. The evidence which provided both a founded suspicion and probable cause in Carter was not discovered until the defendant already had been illegally seized. By contrast, in this case, the deputy observed the cocaine and marijuana in open view prior to the seizure of Mr. Ecker. See State v. Billingsly, 542 So.2d 444 (Fla. 5th DCA 1989); State v. Roker, 290 So.2d 525 (Fla. 3d DCA 1974).
The fact that the officer in this case used a flashlight to observe the illegal activity does not constitutionally taint his investigation. Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983); Albo v. State, 379 So.2d 648 (Fla. 1980). Mr. Ecker was parked in a parking lot to which the public had access, and thus he had no legitimate expectation of privacy concerning illegal activity which would have been visible to a private security guard or to the deputy as a private citizen. Brown, 460 U.S. at 740, 103 S.Ct. at 1542, 75 L.Ed.2d at 513. Also, to the extent that this case involves a warrantless search of *547 the vehicle subsequent to the arrest, the search is justified under the automobile exception. Ensor.
Reversed and remanded for proceedings consistent herewith.
HALL, A.C.J., and PARKER, J., concur.