ALTENBERND, Judge.
The state appeals an order suppressing cocaine found in Tyrone Raines’ hand while he was in his car, as well as drug paraphernalia subsequently found in his car. We reverse. The police officers approached the defendant’s car for an encounter. The defendant’s actions in response to the police encounter created a founded suspicion of criminal activity and a justification for a pat-down search. The cocaine was observed at the outset of the pat-down search.
At approximately 11 p.m. on June 8, 1988, three St. Petersburg police officers assigned to the narcotics division were patrolling a neighborhood in an unmarked ear. Based on their prior experience, they knew that drugs were frequently used in a specific section of the neighborhood. As the officers slowly drove by a vacant lot in that section, one of them observed two men sitting in a car parked near the curb of the vacant lot. The men were huddled closely together over the console of the car. The officer who observed the men testified that they appeared to be using a cigarette lighter in a manner which is common among crack cocaine users and uncommon among cigarette smokers.
The officers stopped, got out of their car, and approached the parked car. The defendant was sitting in the driver’s seat. All three officers were wearing clothing which identified them as police officers. The officer who approached the defendant on the driver’s side of the ear identified himself as a police officer. The defendant appeared startled and lunged both of his hands under the seat. The officer ordered the defendant to remove his hands from under the seat. He refused to do so. The officer who approached the car from the passenger side also observed this behavior.
Fearing that the defendant might have a weapon, the officers drew their guns. They again ordered the defendant to remove his hands from under the seat. The defendant still refused to do so. Instead, he moved his hands around under the seat. The officer on the driver’s side opened the door and pulled the defendant from the car. *898 As this was occurring, the officer on the passenger’s side saw the defendant drop a piece of cocaine from his hand onto the floor of the car. A subsequent search of the defendant’s car revealed a cocaine pipe on the front seat. The officers arrested the defendant for possession of cocaine and paraphernalia.
At the conclusion of the suppression hearing, the trial judge indicated that she believed these facts presented a close case. Although the trial judge suppressed the evidence, she requested guidance from this court concerning the legality of this search and seizure. We recognize that the facts in this case are arguably similar to those in Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984), which required suppression.
In this case, the officers’ contact with the defendant began as a mere encounter on a public street, which required no founded suspicion or probable cause of criminal activity. Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); State v. Wilson, 566 So.2d 585 (Fla. 2d DCA 1990). Although the officers may have had a founded suspicion at that time based on the late hour, the location as a specific drug-use location, and the defendant’s suspicious actions involving the cigarette lighter, the officers had not seized the defendant when they approached the car. See Thomas v. State, 533 So.2d 861 (Fla. 2d DCA 1988).
During the initial contact with the defendant, however, he quickly moved his hands under the driver’s seat in an attempt to conceal something. The defendant’s furtive actions, coupled with the other circumstances, clearly established a founded suspicion of criminal activity. Wilson. The defendant’s hand movements under the driver’s seat also raised a legitimate concern for the officers’ safety, and thus authorized them to conduct a pat-down search. Lightbourne v. State, 438 So.2d 380 (Fla.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); Wilson; State v. Lamb, 484 So.2d 1368 (Fla. 2d DCA 1986); State v. Louis, 571 So.2d 1358 (Fla. 4th DCA 1990); Hall v. State, 562 So.2d 714 (Fla. 1st DCA 1990). Since the defendant continually disobeyed the orders to remove his hands from under his seat, the officer who pulled the defendant out of the automobile was justified in physically removing him from the car to protect himself and his partner. The defendant’s cocaine was discovered before or in the process of the authorized pat-down search.
Once the officers discovered cocaine on the defendant’s person, they were authorized to arrest the defendant and to search the defendant’s car incident to that arrest. Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); State v. Dilyerd, 467 So.2d 301 (Fla.1985). Thus, the discovery of the cocaine pipe was also valid.
We disagree with the defendant’s contention that our decision in Carter is controlling. In Carter, the evidence prior to the seizure of the defendant did not establish a founded suspicion and a basis to perform a pat-down search. See State v. Ecker, 550 So.2d 545 (Fla. 2d DCA 1989). The police did not approach Mr. Carter for a mere encounter, but rather approached with their guns drawn and immediately seized him. The time, place, and actions in Mr. Carter’s case are all less suspicious than are those factors in this case. Finally, Mr. Carter did not lunge his hands under his car seat when the officers approached. In this case, the defendant’s furtive actions created additional suspicion and a sufficient basis for the officers to reasonably believe that their safety was in jeopardy.
Reversed and remanded.
DANAHY, A.C.J., and FRANK, J., concur.