ALTENBERND, Judge.
Donald Thomas Moore appeals his judgment and sentence for trafficking in cocaine entered on a nolo contendere plea following the denial of his dispositive motion to suppress. We reverse because the *334 deputy sheriff lacked a founded suspicion to stop Mr. Moore’s automobile.
On Friday, March 2, 1990, at 9:15 p.m., a Pinellas County deputy sheriff observed Mr. Moore and another man in a car parked in a shopping center parking lot. The car had Oregon tags. When the occupants observed the deputy, they quickly reached down toward the floorboard and then left the vehicle. The two men walked toward the shopping center, then separated from each other and began walking toward two different stores. When they approached the building, one man waved toward the other and they both entered a frozen yogurt store. The deputy watched the men through binoculars. He saw nothing suspicious. The two men then left the store and reentered the car. The deputy saw the men inside the car face each other with their arms extended. He did not observe an exchange. After a few minutes, the other man left the Oregon car and entered a car with a Hillsborough County, Florida tag. Both cars left the parking lot.
The deputy followed Mr. Moore. He ran a computer check on the tag number of the Oregon car and found no record. Mr. Moore obeyed all traffic laws. After two miles, the deputy stopped Mr. Moore. The deputy based the stop on his suspicion that the men had engaged in a drug transaction and that Mr. Moore might possess drugs.
When the deputy approached the car, he directed Mr. Moore to step outside the car. As Mr. Moore was exiting the car, the deputy saw a bulge under the floor mat of the driver’s side of the car. When asked about the bulge, Mr. Moore seemed alarmed. Mr. Moore lifted the floor mat, and the officer saw that the bulge was caused by a folded stack of money. Mr. Moore told the officer that he was the owner of a body shop and that the money was the day’s receipts which he planned to deposit in the bank on Saturday. When asked about the other man, Mr. Moore explained that he was a friend who was returning a borrowed Nintendo game cartridge to Mr. Moore. A Nintendo cartridge was visible in the front seat of the car. After other officers came to the scene of this stop, the deputy searched the car and found three small plastic bags containing powdered cocaine.
The state argues that this stop was valid because conduct innocent in the eyes of the untrained individual may create valid suspicion in the mind of a trained police officer. See State v. Dara, 432 So.2d 77, 79 (Fla. 4th DCA 1983). While there may be such cases, in this case the activities of the two men could create no more than a simple hunch in the mind of a trained police officer. We cannot distinguish this case from Peabody v. State, 556 So.2d 826 (Fla. 2d DCA 1990), and Teresi v. State, 506 So.2d 46 (Fla. 2d DCA 1987). Interestingly, the officer could have encountered the two men while they were still parked at the shopping center. See State v. Ecker, 550 So.2d 545 (Fla. 2d DCA 1989). Perhaps such an encounter would have produced additional evidence rising to a level authorizing a search or arrest. This deputy’s bare suspicion, however, did not authorize him to stop Mr. Moore’s moving automobile. Without a valid basis for the stop, the subsequent search was invalid.
Accordingly, we reverse the judgment and sentence and order the defendant discharged on remand.
CAMPBELL, A.C.J., and LEHAN, J., concur.