CAMPBELL, Judge.
Appellant challenges the court’s denial of his motion to suppress, arguing that the officer who stopped him did not have the requisite founded suspicion to do so. We agree.
Appellant was sitting in his truck at the boat ramp area of Lake Clinch in Frostproof at dusk when Officer Sigenell, a wildlife officer, drove into the area in his patrol car and parked to the left of appellant’s truck. Sige-nell looked over at appellant and observed that appellant had his hands cupped in front of his face. When appellant saw that the officer was looking at him, he looked startled, appeared to drop whatever was in his hands and started his truck to leave. He had driven his truck around in front of and was next to the officer’s vehicle on his way out of the lot when the officer got out of his vehicle and said: “[H]old up, I need to talk to you a minute.” The officer then walked up to the driver’s side window and asked appellant to roll the window down. After appellant did so, the officer asked him what he had been smoking. Appellant replied that he had been drinking a beer and held up a Busch beer can as proof. Still believing that he had seen appellant smoking something, the officer *582 then asked appellant to open his door. Once appellant opened the door, the officer noted that appellant’s right foot was cocked back up under the front seat and his left foot was forward, in what the officer described as an unusual position for someone who was driving. He asked appellant to move his right foot, and when appellant did, the officer saw two hand-rolled cigarettes on the floor where appellant’s foot had been. The officer reached for the cigarettes, which he believed to be marijuana, and appellant grabbed them and ate them. At some point, the officer saw appellant’s eyes go to a pistol hanging on the gear shift lever, and began to back away. The officer also noticed a glass test tube pipe on the floorboard, which he believed to be a pipe used to smoke crank or crack. It was warm when the officer grabbed it. He then ordered appellant out of the truck, secured everything, searched the interior of the truck and issued citations.
We observe first that since appellant’s vehicle was moving when the officer approached it, the officer had to have founded suspicion of criminal activity, or cause to believe that he had observed a traffic violation. Rollins v. State, 578 So.2d 850 (Fla. 2d DCA 1991). We conclude that this officer did not have the requisite founded suspicion to stop appellant.
The officer here had no reasonable suspicion that appellant had committed, was committing or was about to commit a crime. He had nothing more than a bare suspicion of criminal activity. These facts are even weaker than those in Teresi v. State, 506 So.2d 46 (Fla. 2d DCA 1987), or Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984). Officer Sigenell did not observe any illegal drugs or activity at any time before he made the stop. At most, he saw an activity that could have had many innocent interpretations. An individual who has cupped his hands in front of his face may be covering a sneeze, smoking a legal cigarette or warming his hands with his breath. Even when appellant exhibited surprise, dropped what he was holding and began to leave the area upon seeing the. officer, this provided no additional evidence of illegal activity since the act of fleeing is not sufficient to support a stop. Grant v. State, 596 So.2d 98 (Fla. 2d DCA 1992).
This case is unlike State v. Starke, 550 So.2d 547 (Fla. 2d DCA 1989), because the officer there did not stop the defendant until he had seen the contraband. Here, the officer effected the stop before seeing any contraband. This case is also unlike State v. Dara, 432 So.2d 77 (Fla. 4th DCA 1983), because there the officer was highly trained and experienced in narcotics arrests, knew the area as one of high drug usage, and saw an exchange of money for a brown grocery bag that was “sniffed.” By contrast, Officer Sigenell was a wildlife officer who described his previous narcotics experience as follows:
I’m — just thirty years old. I’ve been a citizen of the United States. I’ve been to foreign countries. I’ve been all over this country. I’ve seen illegal drugs used around me. I’ve seen it on TV. Heard people talk about it. I’ve just been around it.
This does not qualify Officer Sigenell as a highly trained and experienced narcotics officer. Nor do the other circumstances of the instant case resemble those in Bara.
We could sustain a seizure of contraband had the officer been able to reach appellant before appellant began driving his vehicle and observe the contraband in plain view. State v. Ecker, 550 So.2d 545 (Fla. 2d DCA 1989). However, this not being the case, we conclude that the officer did not have founded suspicion to stop and, accordingly, reverse.
RYDER, A.C.J., and THREADGILL, J., concur.