STONE, Judge.
The defendant appeals an order denying a motion to suppress. The arresting officer testified that while on patrol at 3:00 a.m. in an area known for drug transactions, he observed a man standing next to the defendant’s automobile, leaning down, “as if conversing” with the defendant. The car was parked on the shoulder of the road and the occupants looked straight ahead as the officer passed by. As the officer approached again, the defendant drove away. The individual on foot walked quickly into the shadows. These were the only facts asserted to justify the officer stopping the car.
The state contends that this situation constituted a sufficient basis for a well founded suspicion that appellant was engaged in criminal activity. See State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978). However, we conclude that the totality of the circumstances were insufficient to support a determination that the officer had adequate grounds to reasonably suspect that criminal activity was taking place, had taken place, or was about to take place. See, e.g., State v. Hoover, 520 So.2d 696 (Fla. 4th DCA 1988); McCloud v. State, 491 So.2d 1164 (Fla. 2d DCA 1986); Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984); § 901.151(2), Fla.Stat. (1985). Therefore the court erred in denying the motion to suppress.
The judgment and sentence are reversed and the cause is remanded for further proceedings consistent with this opinion.
ANSTEAD and DELL, JJ., concur.