532 So.2d 91 (1988)
Jeffrey ABRAHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2842.
District Court of Appeal of Florida, Fourth District.
October 19, 1988.
*92 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Amy Lynn Diem, Asst. Atty. Gen., West Palm Beach, for appellee.
COOK, JACK H., Associate Judge.
Jeffrey Abraham appeals from a judgment of conviction and sentence for possession of hashish, cannabis and drug paraphernalia and for driving on a suspended license and loitering and prowling. Appellant filed a pretrial motion to suppress a statement made to the police and physical evidence seized at the time of his arrest. The motion was denied and appellant entered a plea of nolo contendere reserving his right to appeal the denial of the motion to suppress. For the reasons set forth below, we find that the trial court erred in denying the motion to suppress and that the case should be reversed and remanded.
The facts as developed at the suppression hearing are that on March 1, 1987, at approximately 3:00 a.m., Officer Kelly of the Wilton Manor Police Department observed appellant drive out of a parking lot located behind a closed insurance company and pick up a white female who was walking away from the business. The officer followed appellant's vehicle for approximately three blocks and observed nothing unusual about either the vehicle or the way appellant was driving. Officer Kelly then stopped appellant, discovered he had a suspended driver's license, and arrested him for that violation. A search of appellant's car revealed hashish, cannabis and drug paraphernalia.
The question presented is whether Officer Kelly had a founded suspicion of criminal activity justifying the initial stop of appellant.
A suspicion of criminal activity is founded when it arises out of observations of the police officer which, when considered in the light of the officer's knowledge, reasonably indicate that the suspect is committing, is about to commit, or has committed a criminal violation. Butterworth v. State, 522 So.2d 1039 (Fla. 4th DCA 1988); State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978); § 901.151(2), Fla. Stat. (1985). The acts of driving out of a business parking lot late at night and picking up another person are not sufficient to create a founded suspicion of past, present or future criminal activity. Accordingly, the motion to suppress should have been granted.
The judgment and sentence are reversed and the cause is remanded for further proceedings consistent with this opinion.
GLICKSTEIN and DELL, JJ., concur.