PER CURIAM.
Defendant appeals his conviction for carrying a concealed firearm. We reverse.
In the present case the officer stopped at a roadside in front of a closed business and asked a man why he was standing there. The man responded that he was waiting to be picked up by a friend. While they were speaking, a truck approached which the man identified as being that of his friend, the defendant. After defendant saw the officer, he turned and drove in another direction. The officer followed the truck and pulled it over. After the defendant stepped out of the truck, the officer conducted a pat-down search, found a revolver, and arrested the defendant for carrying a concealed weapon. Defendant’s motion to suppress the revolver was denied and he was convicted of the charge.
On these facts there was no founded suspicion to support an investigative stop. See Abraham v. State, 532 So.2d 91 (Fla. 4th DCA 1988); Butterworth v. State, 522 So.2d 1039 (Fla. 4th DCA 1988); McCloud v. State, 491 So.2d 1164 (Fla. 2d DCA 1986); Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984); Foss v. State, 355 So.2d 225 (Fla. 2d DCA 1978); Schneider v. State, 353 So.2d 870 (Fla. 4th DCA 1977). That being so, the firearm seized as a result of the investigatory stop should have been suppressed. The conviction for carrying a concealed firearm is reversed and the case *1259 remanded with directions to discharge the defendant from the cause.