884 So.2d 515 (2004)
L.N.D., Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2618.
District Court of Appeal of Florida, Second District.
October 13, 2004.
James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Deena DeGenova, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
L.N.D. entered a plea of no contest to the charges of resisting an officer without violence and possession of paraphernalia, reserving the right to appeal the denial of her motion to suppress evidence. We reverse because the State did not carry its burden of showing that the officer had a reasonable suspicion of criminal activity necessary to justify the investigative stop of a car in which L.N.D. was a passenger.
*516 At the motion to suppress hearing, the officer testified that he stopped the vehicle after he observed it coming out from behind a closed business at 3:30 a.m. The business "had been burglarized or had had a series of burglaries in the past week or two weeks." However, there was no report of a burglary that night. When asked what the factual basis was for the stop, the officer stated that "[t]he vehicle was in an area at that time when most normal citizens aren't there and I wanted to determine what his presencewhat he was doing there." The officer indicated that he suspected the vehicle occupants of committing a burglary.
The question here is whether the officer's suspicion was reasonable based on the totality of the circumstances. Case law indicates that being in an area of past criminal activity during late and unusual hours is not enough to justify a founded or reasonable suspicion. See Errickson v. State, 855 So.2d 700 (Fla. 4th DCA 2003) (holding that no founded suspicion existed for stop of defendant who was sitting on a curb next to a bicycle and a payphone in front of a closed gas station that had been burglarized numerous times); Batson v. State, 847 So.2d 1149 (Fla. 4th DCA 2003) (holding there was no founded suspicion to stop vehicle near recently burglarized home at 2 a.m.); Ippolito v. State, 789 So.2d 423 (Fla. 4th DCA 2001) (holding there was no reasonable suspicion for stop based on it being late at night and in area of past criminal activity); see also Silverman v. State, 610 So.2d 116 (Fla. 4th DCA 1992) (holding that vehicle being in area where burglaries frequently occurred would not constitute grounds for a stop); Abraham v. State, 532 So.2d 91 (Fla. 4th DCA 1988) (holding there was no founded suspicion for stop where defendant was driving out of parking lot behind a closed insurance company at 3 a.m. and picked up a female walking away from the business); cf. State v. Russell, 659 So.2d 465 (Fla. 3d DCA 1995) (holding that investigatory stop was justified where defendant was riding a bicycle in a commercial "high burglary" area at 6 a.m. carrying a sack with squared off items that looked like appliances).
Accordingly, we reverse and remand with directions to grant the motion to suppress and discharge L.N.D.
Reversed and remanded.
CASANUEVA and SILBERMAN, JJ., Concur.