UPCHURCH, Chief Judge.
The state appeals an order granting Tommie Crosby’s motion to suppress evidence and testimony relating to the identification of Crosby by the victim of an armed robbery. We reverse.
At the hearing, the first witness, Deputy Caldwell of the Lake County Sheriff’s Department, testified that on May 19 (six days after the robbery on May 13) four black males entered the store that had been robbed and the clerk identified two as suspects. The clerk described one as tall and wearing a dark cloth hat. He reported that they drove away in a blue Pontiac LeMans, license number UIT-748. One hour later the officers found the car at the home of its owner, Anda Simmons. In response to questioning, Simmons stated she had loaned the car earlier that day to her brother and three other males. Deputy Caldwell further related that while talking to Simmons, one of her brothers, Leroy Reddick, drove by in a red Ford Fairmont. Deputy Caldwell followed. The car stopped and Crosby got out of the car and went into his residence. The car then pulled away and was stopped by Deputy Caldwell. Crosby then came out of the house to the area where the car was parked. Sergeant Waterman, another deputy, asked the four to go back down to the store and all agreed to go. At the store, the clerk identifed Crosby and Reddick as the two black males who held up the store six days previously.
In its order granting the motion to suppress, the trial court set forth the relevant facts and summarized that “[o]ther than the presence of one of Ms. Simmons five brothers, the two deputies candidly admit that the automobile would not have been stopped. The automobile was not speeding and was in no way attempting to avoid the police vehicle. The presence and activities of the automobile and the occupants were, according to the testimony, completely consistent with activities of automobiles and persons engaged in lawful business in the area.” The trial court concluded that “[a]t best the stop was based on a suspicion without any objective foundation which reasonably supports his assessment of the particular circumstances,” citing Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984). In Carter, the court held that an investigative detention under Terry v. Ohio,[1] was justified only if the officers possessed a founded suspicion of criminal activity.
We conclude that the officers possessed a founded suspicion based on the store clerk’s information about four males which led to the location of the first vehicle. The officer then learned that one of the owner’s brothers had borrowed the car when he noticed one of the brothers drive by with three other males. This observation justified a temporary stop to gain additional information in light of the facts known to the officer at the time. United States v. Hensley, 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985); State v. Arnold, 475 So.2d 301 (Fla. 2d DCA 1985).
This conclusion is not dispositive, however, because we conclude that the lower court erred by classifying the officer’s *995 contact with Crosby as an invalid stop under Carter. Rather, this contact was a mere street encounter initiated by Crosby. The facts established that before the car was stopped by the officer, Crosby exited the vehicle and entered his house. Crosby then initiated the encounter by voluntarily returning to the automobile where he agreed to accompany the officers to the scene of the crime. When an officer comes into contact with a citizen in public, asks questions and the citizen voluntarily cooperates, there is no Fourth Amendment intrusion because this is a mere street encounter as opposed to a detention. Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); Graham v. State, 495 So.2d 852 (Fla. 4th DCA 1986); State v. Smith, 477 So.2d 658 (Fla. 5th DCA 1985); Burke v. State, 465 So.2d 1337 (Fla. 5th DCA 1985); State v. Walden, 464 So.2d 691 (Fla. 5th DCA 1985); State v. Rawlings, 391 So.2d 269 (Fla. 4th DCA 1980), rev. denied, 399 So.2d 1145 (1981). Accordingly, the order below granting the motion to suppress is reversed.
REVERSED and REMANDED for further proceedings.
COBB, J., and LEE, R.E., Associate Judge, concur.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).