550 So.2d 562 (1989)
Billie CANION, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0782.
District Court of Appeal of Florida, Fourth District.
November 1, 1989.
Richard L. Jorandby, Public Defender and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Miles Ferris, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse appellant's conviction and sentence on the basis that the court erred in denying the motion to suppress evidence. What began as a "mere encounter" between the deputy sheriff and appellant escalated to a temporary detention when the deputy demanded that appellant remove his hand from his pocket. See State v. Oliver, 368 So.2d 1331 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1200 (Fla. 1980). This being done without founded suspicion, see *563 Ruddack v. State, 537 So.2d 701 (Fla. 4th DCA 1989); R.B. v. State, 429 So.2d 815 (Fla. 2d DCA 1983), the evidence seized as a result of this unlawful detention was inadmissible. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
Reversed and remanded with instructions to discharge appellant.
ANSTEAD, GLICKSTEIN and WARNER, JJ., concur.