592 So.2d 1206 (1992)
Ricky SMITH, a/K/a Eric Warren Smith, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01415.
District Court of Appeal of Florida, Second District.
January 22, 1992.
David C. Dwiggins, Lakeland, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara Arlene Fink, Asst. Atty. Gen., Miami, for appellee.
*1207 SCHOONOVER, Chief Judge.
The appellant, Ricky Smith, a/k/a Eric Warren Smith, challenges the judgments and sentences imposed upon him after he pled nolo contendere to the charges of possession of cocaine and possession of drug paraphernalia reserving his right to appeal the trial court's order denying his motion to suppress evidence obtained from him. We find that the trial court erred by denying the appellant's motion to suppress and, accordingly, reverse and remand with instructions to discharge the appellant on these charges.
While on routine patrol in a high crime area in Polk County, Deputy Obetts and Deputy Shearer of the Polk County Sheriff's Office observed the appellant walking southbound on 38th Street at its intersection with Avenue J in Winter Haven. The appellant was attempting to turn onto Avenue J heading eastbound. When the appellant observed the deputies who were proceeding on Avenue J, he made a quick movement and it appeared to the deputies that the appellant was attempting to conceal something behind his back. The deputies stopped their vehicle, turned on the flashers, exited the vehicle and asked the appellant, who was then right in front of them, what was in his hands and ordered him to bring his hands around slowly. The appellant complied and in doing so opened his hands and revealed a baggy containing cocaine. After being arrested for possessing this cocaine, the appellant spit something from his mouth. The item was recovered and it was also found to be cocaine.
At the suppression hearing Deputy Obetts testified that when they exited their vehicle they intended to check the appellant for weapons and that he was not free to leave from that point on. The deputy admitted that the appellant was stopped because of the quick movement indicating that the appellant was attempting to hide something and because of prior contact between the officer and the appellant. Officer Obetts had received complaints that the appellant was selling drugs, had seen him in areas where cocaine had been dropped, and on one occasion the officer had observed the appellant take what appeared to be cocaine out of his mouth. The appellant had never been arrested for any of these activities.
After the trial court denied the appellant's motion to suppress, he pled nolo contendere, reserved his right to appeal the denial of his motion, and filed a timely notice of appeal from the judgments and sentences imposed upon him.
We agree with the appellant's contention that the evidence taken from him should have been suppressed. The circumstances surrounding the seizure do not, as contended by the state, amount to a mere encounter between the appellant and the officers. The officers stopped their vehicle in front of the appellant, turned on the flashers, and commanded the appellant to produce what he had in his hand. Officer Obetts stated that the appellant was not free to leave and would have been stopped if he had tried to leave. The appellant was, therefore, detained. See Dees v. State, 564 So.2d 1166 (Fla. 1st DCA 1990).
In order to justify a temporary detention of a person, there must be a founded suspicion in the mind of the officer that the person has committed, is committing, or is about to commit a crime. Wilson v. State, 433 So.2d 1301 (Fla. 2d DCA 1983); § 901.151, Fla. Stat. (1987). A founded suspicion is one which has some factual foundation in the circumstances observed by the officer when those circumstances are interpreted in light of the officer's knowledge. Wilson. A mere or bare suspicion will not suffice. R.B. v. State, 429 So.2d 815 (Fla. 2d DCA 1983).
In this case, the officer had no more than a mere suspicion when he commanded the appellant to show the officer what was in his hand. Although the officer had knowledge that on prior occasions the appellant had been present in drug areas, the factual foundation in this case *1208 was not sufficient even when combined with this knowledge to raise the suspicion to a founded suspicion justifying a detention. The appellant was detained because, while in a high crime area, he quickly moved his hands behind him when he observed the deputies. It is well established that a person may not be lawfully detained because he makes a quick movement while he is in a high crime area. Ruddack v. State, 537 So.2d 701 (Fla. 4th DCA 1989); Jenkins v. State, 524 So.2d 1108 (Fla. 3d DCA 1988); Walker v. State, 514 So.2d 1149 (Fla. 2d DCA 1987); G.J.P. v. State, 469 So.2d 826 (Fla. 2d DCA 1985); R.B.
Furthermore, the officers' knowledge of the appellant's prior activities, none of which resulted in arrests, did not raise the officers' suspicion to the level required for a lawful detention. Shackelford v. State, 579 So.2d 306 (Fla. 2d DCA 1991); In the Interest of T.M.M., 560 So.2d 805 (Fla. 4th DCA 1990). See also Robinson v. State, 388 So.2d 286 (Fla. 1st DCA 1980).
The fact that one of the officers testified that they were going to search the appellant for weapons because they were afraid for their safety also did not make the appellant's detention lawful. The lawfulness of a pat down search for weapons presupposes that a stop is valid and that the officer then forms the necessary suspicion that a suspect is armed and dangerous. Daniels v. State, 543 So.2d 363 (Fla. 1st DCA 1989). The officer in this case would not have any reason to fear for his safety if he had not stopped the appellant in the first place. Daniels.
We, accordingly, reverse and remand with instructions to discharge the appellant for the crimes involved in this appeal.
Reversed and remanded with instructions.
DANAHY and FRANK, JJ., concur.