595 So.2d 1099 (1992)
Lewis Cecil SANDER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 90-02881.
District Court of Appeal of Florida, Second District.
March 25, 1992.
*1100 James Marion Moorman, Public Defender and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Lewis Cecil Sander, Jr. pled nolo contendere to a charge of possession of cocaine and resisting an officer without violence, reserving his right to appeal the denial of his motion to suppress.
Officer Gary Gross stated in his deposition that on February 10, 1990, at approximately 3:30 p.m., he and Officer Bart Butler drove past a group of people at an apartment complex in a "high narcotic area." Gross testified that he saw a man from the group run behind the apartment building. Gross drove his patrol car around the block and entered the complex parking lot from a less obvious entrance. When the officers pulled up to the group of people, Gross saw Sander, who he identified as the man he saw run.
Gross stated that on seeing the police car, Sander did not run, but stood near the group with his hands in his pockets. Gross and Butler got out of their car and walked up to Sander. Immediately upon reaching him, Gross ordered Sander to remove his hands from his pockets which Sander did. Gross testified that neither he nor Officer Butler saw a bulge or any indication which suggested to them that Sander was armed after he removed his hands from his pockets.
Gross then asked Sander his name and address which he correctly gave. When asked, Sander denied that he ran behind the building. Gross testified that he then told Sander to put his hands on his head. Gross then conducted a pat-down search. Gross testified that he conducted the search for officer safety reasons because of Sander's conduct of running when the police first drove by, because the area was a "high narcotic area" and because Sander had his hands in his pockets until he removed them on Gross' order.
Gross testified that when he patted Sander's left side, Sander jerked away and in so doing his elbow hit Gross in the ear. Gross then "grabbed [Sander] around the neck and threw him to the ground." He advised Sander that he was under arrest, handcuffed him, took him to the patrol car and searched his left pocket where Gross found three rocks of cocaine.
Sander contends that Officer Gross lacked any founded suspicion of criminal activity to detain him initially, and that Officer Gross also erred in conducting a pat-down search of Sander. Officer Gross' approach to Sander was not improper as a mere encounter. See State v. Starke, 574 So.2d 1214 (Fla. 2d DCA 1991); State v. Wilson, 566 So.2d 585 (Fla.2d DCA 1990). Also, it was not improper for Gross to ask Sander to remove his hands from his pockets.
However, once Sander removed his hands from his pockets as requested, Officer Gross had no grounds upon which to detain Sander further or search him. Gross observed no bulges and Sander made no threatening movements. Cf. Brown v. State, 358 So.2d 596 (Fla. 2d DCA 1978). There is nothing articulable that Gross could point to that gave him the right to pat down Sander. The illegal search is not saved by the fact that Sander's elbow hit *1101 Gross. There was no founded suspicion of criminal activity. Accordingly, the case is reversed and remanded to the trial court for entry of an order granting appellant's motion to suppress.
Reversed and remanded.
HALL and PATTERSON, JJ., concur.