659 So.2d 417 (1995)
James MAYHUE, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01199.
District Court of Appeal of Florida, Second District.
August 9, 1995.
Rehearing Denied September 1, 1995.
*418 James Marion Moorman, Public Defender and John S. Lynch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Helene S. Parnes, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
James Mayhue challenges the trial court's denial of his dispositive motion to suppress and to dismiss. The state had charged him with possession of cocaine, possession of paraphernalia and obstruction of an officer without violence. Mr. Mayhue's motion alleged that the arresting officer did not have a valid basis to stop him, and, as such, the evidence obtained as a result of the stop should be suppressed. The motion also maintained that the charge of obstructing an officer should be dismissed because one who is unlawfully arrested may resist without violence. We agree with Mr. Mayhue's contention that he was illegally detained and, therefore, reverse the denial of his motion and instruct the trial court to discharge him.
The facts surrounding Mr. Mayhue's detention were presented at the hearing on his motion. Officer Timmons testified that he first noticed Mayhue pushing a shopping cart containing a large television set about 6:40 in the morning. After responding to several calls, he again saw Mayhue with the shopping cart around 7:30 a.m., some four blocks away from where he had first observed him. While the neighborhood was known for criminal activity, the officer had not received any reports of recent burglaries or thefts. Timmons decided to conduct a field interview to determine if a crime had been committed. He got out of his car and asked Mayhue for his name. Mayhue immediately became verbally abusive, refused to give his name and cursed at the officer. He also turned his left side toward Officer Timmons, while keeping his right hand close to his body, with his right fist clenched. Timmons feared Mayhue was concealing a weapon, and therefore ordered him to open his hand. When Mayhue did so, a rock cocaine pipe fell to the ground. Timmons arrested him and discovered a baggie of cocaine in Mayhue's jacket.
Officer Timmons's contact with Mr. Mayhue probably began as a consensual encounter. During a consensual encounter, a citizen may comply with a police officer's requests or ignore them. Because the citizen is free to leave, constitutional safeguards are not invoked. Popple v. State, 626 So.2d 185, 186 (Fla. 1993). When the officer ordered Mayhue to open his hand, however, the consensual encounter became an investigatory stop. See Smith v. State, 592 So.2d 1206 (Fla. 2d DCA 1992); Evans v. State, 546 So.2d 1125 (Fla. 3d DCA 1989) (when an officer asks a defendant to remove his hands from his pocket, a reasonable person in the defendant's position would not believe he was free to go).
An investigatory stop requires a well-founded, articulable suspicion of criminal activity. Popple, 626 So.2d at 186. The officer's observations must reasonably indicate that the defendant is committing, is about to commit or has committed a criminal violation. Abraham v. State, 532 So.2d 91 (Fla. 4th DCA 1988). A mere or bare suspicion is not sufficient. Smith, 592 So.2d at 1207. Here, the only basis for the stop was that the officer saw Mayhue, over the course *419 of an hour, pushing a shopping cart containing a television around a "high crime" area. Officer Timmons testified he approached Mayhue "[b]ecause he was a suspicious person." These facts do not rise to the level of a founded suspicion of criminal activity. Cf. Beasley v. State, 604 So.2d 871 (Fla. 2d DCA 1992) (fact that defendant was walking in public housing project at night and slipped into an abandoned apartment did not give founded suspicion of criminal activity).
The state argues that Mr. Mayhue adopted an aggressive posture toward the officer that caused him to fear for his safety. Thus, the state contends, the officer was justified in making an investigatory stop to determine whether Mayhue had a weapon. We have previously rejected this reasoning in Smith. As we stated in that case, a search for weapons presupposes that the stop is valid and that the officer then forms the necessary suspicion that a suspect is armed and dangerous. Here, Officer Timmons did not have the founded suspicion necessary to conduct an investigative stop in the first place. As in Smith, he would have no reason to fear for his safety if he had not stopped Mr. Mayhue.
Because Mayhue was illegally detained, the resulting acquisition of the cocaine and paraphernalia was the fruit of an unconstitutional seizure. See Popple, 626 So.2d at 188. Moreover, Florida law allows a person to resist an illegal arrest without violence. Burgess v. State, 313 So.2d 479 (Fla. 2d DCA 1975). Accordingly, we reverse the lower court's order denying Mr. Mayhue's motion to suppress and to dismiss and remand with directions to discharge him.
Reversed and remanded.
ALTENBERND and QUINCE, JJ., concur.