671 So.2d 292 (1996)
Samuel LANG, Appellant,
v.
STATE of Florida, Appellee.
No. 95-306.
District Court of Appeal of Florida, Fifth District.
April 12, 1996.
*293 James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael D. Crotty, Assistant Attorney General, for Appellee.
W. SHARP, Judge.
Lang pled nolo contendere to possession of cocaine,[1] and possession of paraphernalia,[2] reserving this right to appeal the trial judge's denial of his motion to suppress evidence of the contraband seized by a deputy. Lang argues he was stopped by the deputy without any probable cause, and during the course of the stop he discarded the contraband. We reverse.
In this case, the state concedes that the deputy had no reasonable basis to initially stop Lang. The deputy saw Lang walking in a high crime area at 10:00 p.m., carrying a flashlight. The deputy pulled his car behind Lang and began getting out of it. Lang turned around and put his hand in his pocket. The deputy testified he instructed Lang to "step back into my patrol vehicle," and that Lang was willing to do so. He then told Lang to take his hand out of his pocket, fearing he had a weapon. The deputy asked Lang for identification. When Lang took his hand out of his pocket, he threw a brown pill bottle to the rear of him. Lang must have moved, or commenced moving, to the deputy's patrol car because the deputy testified he instructed Lang to "stand by" the patrol car at that point. He then retrieved the bottle and discovered the contraband inside.
The state justifies this incident as a police-citizen encounter. At this level, a citizen may voluntarily comply with an officer's *294 request or respond to questioning, or refuse to do so. At that point, the citizen is free to leave.
A second level of police-citizen encounter involves an investigatory stop, as set forth in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In such an encounter, a police officer may reasonably detain a citizen for a time, if the officer has a reasonable suspicion the person has committed, is committing, or is about to commit a crime. See also § 901.151, Fla.Stat. (1993) (the Stop and Frisk Law). At this level, a citizen's Fourth Amendment rights are triggered, and such a stop requires proof of a well-founded, articulable suspicion of criminal activity. Hill v. State, 561 So.2d 23 (Fla. 2d DCA 1990); King v. State, 521 So.2d 334 (Fla. 4th DCA 1988); State v. Crosby, 497 So.2d 993 (Fla. 5th DCA 1986); Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984).
The third level of encounter involves an arrest. It must be supported by proof amounting to probable cause, that a person has committed a crime or is in the process of committing a crime. See Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); § 901.15, Fla.Stat. (1993). However, neither the second or third levels of encounter are involved in this case.
The initiation of a conversation between a police officer and a citizen does not constitute a Terry stop or an arrest. See Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); Lightbourne v. State, 438 So.2d 380 (Fla.1983); cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); Hill v. State, 561 So.2d 1245, 1246 (Fla. 2d DCA 1990); State v. Arnold, 475 So.2d 301 (Fla. 2d DCA 1985). Nor is it improper for an officer to ask a person to remove his hands from his pockets during a citizen encounter. See Sander v. State, 595 So.2d 1099 (Fla. 2d DCA 1992).
But this case turns on whether Lang had submitted to the deputy's authority at the time he dropped the pill bottle. In California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), the Supreme Court held that a seizure occurs when a person is physically subdued by police, or submits to an officer's show of authority. See also State v. Bartee, 623 So.2d 458 (Fla. 1993); Perez v. State, 620 So.2d 1256 (Fla. 1993). In this case Lang had not been physically subdued, but he had submitted to the deputy's authority by beginning to comply with the deputy's instruction to get into the patrol car. Had the deputy here merely asked Lang to approach his car in order to speak with him, and Lang had thrown down the contraband, or had Lang refused to comply with the deputy's directive, Lang would have voluntarily abandoned the contraband, and it could have been used as evidence against him. Hodari; Bartee; Perez.
However, the deputy in this case (based on a literal reading of the transcript), actually ordered Lang to get "into" his patrol car; a command which goes far beyond a simple citizen encounter, or even a Terry stop. See Popple v. State, 626 So.2d 185 (Fla.1993); Dees v. State, 564 So.2d 1166 (Fla. 1st DCA 1990). Under these circumstances, Lang reasonably concluded he was not free to leave,[3] and commenced to comply with the deputy's instructions when he dropped the pill bottle. The abandonment of the contraband under these circumstances was not voluntary. California v. Hodari D.
Accordingly, we reverse Lang's conviction and adjudication.
REVERSED and REMANDED.
PETERSON, C.J., and THOMPSON, J., concur.
NOTES
[1] § 893.03, Fla.Stat. (1993).
[2] § 893.145, Fla.Stat. (1993).
[3] See Mayhue v. State, 659 So.2d 417, 418 (Fla. 2d DCA 1995); Dees v. State, 564 So.2d 1166, 1168 (Fla. 1st DCA 1990); B.S. v. State, 548 So.2d 838, 839 (Fla. 3d DCA 1989); Evans v. State, 546 So.2d 1125 (Fla. 3d DCA 1989).