681 So.2d 733 (1996)
STATE of Florida, Appellant,
v.
Omar J. WOODARD, Appellee.
No. 95-01827.
District Court of Appeal of Florida, Second District.
May 29, 1996.
Rehearing Denied July 3, 1996.
*734 Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellee.
FRANK, Judge.
The state appeals from an order suppressing cocaine discovered during an encounter between Omar Woodard and two police officers. The trial court determined that Woodard was detained without sufficient articulable suspicion of criminal activity. We find, however, that the encounter was consensual and, thus, the Fourth Amendment was not offended. We reverse and remand for further proceedings.
Two St. Petersburg police officers went to an apartment building looking for a person with multiple outstanding warrants. Both officers had previously been to the building, entry to which is through an outer door which is often locked. On the occasion in question, the officers knocked on the outer door and Woodard answered. One of the officers recognized Woodard and knew that he resided elsewhere. Upon questioning, Woodard indicated that he did not know the person under warrant and, furthermore, he could not explain his own presence in the building. The officers, while still at the outer door, observed two other men inside one of the apartments, the door to which was standing *735 open. Stepping into the common area of the building, the officers questioned the two men about the person under warrant. The men denied knowing the person sought and, in response to further questioning, indicated that they did not know who resided in the apartment. Although the men claimed a friend had invited them over, neither man could identify the name of their host.
In light of this information, the officers asked for the name of each man, including Woodard, and checked for outstanding warrants. Woodard remained in the common area, sitting on a group of stairs leading up to the second floor. At no time was Woodard ordered to remain or otherwise told that he was not free to leave. Prior to a radio response on the warrant check, one of the officers observed Woodard reaching into his pockets. When the officer asked Woodard to remove his hands, Woodard became nervous. He then stood up and discarded a clear plastic bag from his pocket. The content of the bag proved to be cocaine.
At the suppression hearing, one of the officers testified that Woodard was stopped pending an investigation into his presence at the building. The second officer, to the contrary, testified that Woodard was free to leave. We attribute this inconsistency to the often elusive distinction between consensual encounters and detentions, a distinction not subject to a litmus test resolution. Florida v. Royer, 460 U.S. 491, 506-07, 103 S.Ct. 1319, 1329, 75 L.Ed.2d 229, 242 (1983). It is significant that at the time of the incident, neither officer communicated an intent to detain Woodard. Thus, the first officer's attested belief that a detention had been effected is not dispositive of the issue. See U.S. v. Mendenhall, 446 U.S. 544, 554 n. 6, 100 S.Ct. 1870, 1877 n. 6, 64 L.Ed.2d 497, 509 n. 6 (1980); Henderson v. State, 535 So.2d 659 (Fla. 3d DCA 1988).
A detention occurs where "in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." Mendenhall, 446 U.S. at 554, 100 S.Ct. at 1877. Such a belief may be created by either a physical application of force or by an officer's indication, through language or tone of voice, that his requests might be enforced. Id. There is no allegation here that the officers physically restrained Woodard. Our analysis, therefore, must turn to those circumstances which might reasonably have informed Woodard's belief that he was not free to leave. We identify only two such circumstances which, either separately or in combination, do not compel a conclusion that a detention occurred.
First, the officers directed several questions at Woodard regarding the person under warrant and about Woodard's own presence in the building. Such interrogation, even without an instruction that Woodard was free not to respond, does not trigger the Fourth Amendment. See I.N.S. v. Delgado, 466 U.S. 210, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984). Additionally, the request for Woodard's name and the radio check for outstanding warrants falls within the ambit of consensual encounters. See Jacobson v. State, 476 So.2d 1282 (Fla.1985); State v. Chang, 668 So.2d 207 (Fla. 1st DCA 1996); State v. Barnett, 572 So.2d 1033 (Fla. 2d DCA), rev. denied, 581 So.2d 163 (Fla.1991); Davis v. State, 461 So.2d 1361 (Fla. 2d DCA), rev. denied, 471 So.2d 43 (Fla.1985).
The second circumstance arises from the request that Woodard remove his hands from his pockets. This court has previously held that such a request, when made to ensure an officer's safety, does not elevate a consensual encounter to a detention. Sander v. State, 595 So.2d 1099 (Fla. 2d DCA 1992); see also Lang v. State, 671 So.2d 292 (Fla. 5th DCA 1996). Contra Harrison v. State, 627 So.2d 583 (Fla. 5th DCA 1993); Canion v. State, 550 So.2d 562 (Fla. 4th DCA 1989); Evans v. State, 546 So.2d 1125 (Fla. 3d DCA 1989).[1]
Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion.
*736 SCHOONOVER, A.C.J., concurs.
PARKER, J., concurs specially.
PARKER, Judge, concurring.
I concur with the result reached in the majority's opinion. However, I disagree with the footnote contained in that opinion. The majority distinguishes the case of Mayhue v. State, 659 So.2d 417 (Fla. 2d DCA 1995), because Mayhue involved a clenched hand and the instant case entailed hands in pockets. The majority observed that a pocket has the capacity to conceal a lethal weapon. I believe that depending upon the size of the individual, a lethal weapon such as a razor blade, knife, or small firearm can be concealed in a closed fist. I personally have seen a razor blade concealed in the closed hand of a detained suspect cause a severe injury. In my opinion, Mayhue cannot be distinguished from this case in a material way.
Although I realize that I am bound by this court's decision in Mayhue, I disagree with the result reached in that opinion. I see no difference between a law enforcement officer, during a consensual encounter, ordering a person to take his hands out of his pocket or ordering a person to open his closed fist. In either instance, I conclude that the officer has that right for his own protection; therefore, in both instances, it remains a consensual encounter, not a detention.
NOTES
[1] In Mayhue v. State, 659 So.2d 417 (Fla. 2d DCA 1995), this court held that an investigatory stop resulted when an officer ordered Mayhue to open his clenched hand. Although Mayhue refers to Evans v. State, 546 So.2d 1125 (Fla. 3d DCA 1989), such reference was unnecessary to the holding in Mayhue. We distinguish the present setting from the circumstance dealt with in Mayhuea pocket has the capacity to conceal a lethal weapon.