GRIFFIN, Chief Judge.
The State of Florida appeals an order suppressing evidence. We reverse.
On July 8, 1997, the State charged Canada by information with one count of possession of cocaine. Canada filed a motion to suppress his statements and all physical evidence obtained by the Sanford Police Department, arguing that the evidence was unlawfully seized without a warrant or his consent following an illegal investigatory detention.
The evidence presented at the suppression hearing consisted entirely of the testimony of two State witnesses, Sanford Police Officers Michael Plitt and Michael Taylor. On June 3,1997, at 9:30 p.m., Plitt, Taylor, and another officer, Agent Mitchell, were on routine patrol at the Pine Shadow Apartments in Sanford, an area known for drug dealing. The officers were part of Sanford’s Special Investigations Unit. They spotted Canada sitting alone in a chair in the apartment parking lot, with an open bottle of beer inches away from his right foot.
The officers stopped their car a few feet away from Canada and exited the car. The car was unmarked and the officers were dressed in plainclothes. Their badges, however, were visible around their necks or on their chests and they immediately identified themselves as police officers. Plitt and Taylor stood on either side of Canada and Mitchell stood behind him.
*1165 Plitt testified that Sanford has an ordinance making it a misdemeanor to possess an open container. Although he did not intend to arrest Canada for the open container, Plitt asked Canada “about the beer” and for identification. Canada denied that the beer was his. He then pulled out his wallet and began looking for his identification.
During this time, Taylor saw that Canada was trying to conceal an object in his right hand. Taylor asked, “What do you have in your hand?” Canada replied that it was his I.D. card. Plitt looked over Canada’s shoulder and saw that Canada was trying to conceal a white plastic cylindrical container in his right hand. Taylor asked to see what was in Canada’s right hand; whereupon Canada turned and threw the object approximately twenty-five feet away. It landed beyond a short chain-link fence. Canada also tried to run away, but the police grabbed him and wrestled him to the ground after he had taken a few steps. The officers recovered the object, which was a small, white plastic film container. Inside the container was a substance the officers suspected to be cocaine. The officers arrested Canada.
The defense argued that the encounter was initially consensual but became a detention when Canada was asked to show the officers what he had in his hand. The lower court agreed that when the police asked Canada to show them what was in his hand the encounter was no longer consensual since the officer’s language suggested compliance was required. The officers did not use the word “please” or did not ask Canada if he would “mind” showing them the item in his hand. The court found that because a reasonable person would believe that compliance with the officer’s request wás required, Canada’s subsequent abandonment of the canister was involuntary and the “fruit of prior illegal police conduct.” We disagree.
In the instant case, Canada declined to submit, but rather turned and tossed away the contents of his hand. In the same, instant, he attempted to flee. In order for seizure to have occurred, there must be application of physical force or a show of authority to which a subject yields. California v. Hodari D., 499 U.S. 621, 625, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). A show of authority, to which the subject does not yield, is not a seizure. Id. 499 U.S. at 629, 111 S.Ct. 1547. In Hodari D., for example, the Supreme Court held that the cocaine abandoned by a defendant while running was not subject to exclusion since the defendant did not comply with police officer’s command to halt, or in other words, his “show of authority.” Id. The court found instead that the defendant was not “seized” until the officer physically tackled him. Therefore, the cocaine was not the “fruit of a seizure.” Id.
Similarly, in the instant ease, Canada did not yield to the police request to reveal what he held in his hand. Instead, Canada abandoned the container and attempted to flee. The container should not have been suppressed.[1]
REVERSED and REMANDED.
COBB and ANTOON, JJ., concur. .

. Compare Curry v. State, 570 So.2d 1071, 1073 (Fla. 5th DCA 1990)(defendant's act of throwing down pill bottle containing rock cocaine while walking, away after police order him to halt constituted voluntary abandonment) with Lang v. State, 671 So.2d 292, 294 (Fla. 5th DCA 1996)(defendant’s abandonment of pill bottle not voluntary where defendant submitted to police authority by beginning to comply with deputy's instruction to get in patrol car).