PER CURIAM.
Appellant, who was the Respondent below, appeals from an adjudication of delinquency and commitment Order contending that the trial court erred in denying his motion to suppress marijuana seized during a search of appellant’s person. We agree with appellant and reverse.
Appellant was charged with possession of marijuana after police officers discovered the contraband on appellant’s person during a search incident to arrest. Appellant moved to suppress the marijuana alleging that its seizure was the product of an illegal stop. Appellant took the position that the officers unlawfully seized him when they ordered him to stop and requested information from him. Appellant alleged that the officers ran a 10-minute computer check on him, and, considering he was surrounded by three officers, he did not feel free to go. According to ap *441 pellant, the stop was unconstitutional and therefore the illegally seized contraband should be suppressed.
At the hearing on appellant’s motion, the trial court heard testimony from the officers who responded to the scene. The officers testified that they received a dispatch reporting that a couple of young black males were loitering in an alleyway. The officers testified that they responded to the call and observed appellant coming out of the alleyway alone on his bicycle and stopped him. The officers asked appellant for his name and address as part of a routine field interview. Subsequently, a third officer arrived at the scene and a records check was performed which revealed a pickup order. Appellant was arrested as a result and was subsequently searched. Pursuant to the search incident to arrest, police found a small package of marijuana in appellant’s front pocket.
The State initially took the position that the stop was a legal investigatory stop and that the officers were justified, and in fact required, to question appellant pursuant to the loitering statute. When the court expressed the inclination to grant appellant’s motion after finding that the tip to police was not corroborated and, therefore, did not provide a reasonable suspicion to justify an investigatory stop, the State took the alternative position that appellant’s encounter with the police was consensual, and that the search incident to arrest was therefore lawful. The court accepted the State’s alternative argument, and found that the encounter was consensual and the seizure of the marijuana constitutional.
A consensual encounter is defined as an encounter in which a reasonable person would feel free to disregard the police and go about the person’s business. See Popple v. State, 626 So.2d 185, 187-88 (Fla.1993); State v. R.R., 697 So.2d 181, 183 (Fla. 3d DCA 1997). In Popple, the Court recognized three levels of police-citizen encounters. The consensual encounter which involves only minimal police contact during which a citizen may choose to comply with, or ignore, the officers’ requests; the investigatory stop where an officer may reasonably detain an individual temporarily once the officer has a reasonable suspicion that the person has committed or is about to commit a crime; and the arrest which must be supported by probable cause that a crime has or is being committed. The Popple Court noted that the one “significant identifying characteristic of a consensual encounter is that the officer cannot hinder or restrict the person’s freedom to leave or freedom to refuse to answer inquiries, and the person may not be detained without a well-founded and articulable suspicion of criminal activity.” Popple, at 187-88.
In the instant case, the trial court relied on this Court’s opinion in State v. R.R., 697 So.2d 181 (Fla. 3d DCA 1997) to deny appellant’s motion to suppress. In R.R., police officers were surveilling a house after receiving an anonymous tip that an individual sitting in the front steps of the house with music playing was a signal that drugs were available. The officers observed R.R. sitting in front of the house with the radio playing and approached him. Before the officers could say anything to R.R., he became startled and dropped a bag of cocaine for which he was later arrested. See R.R., at 181-82. R.R.’s motion to suppress the cocaine was granted. See R.R., at 182. On appeal, this Court outlined several factors to consider in determining whether a seizure occurred. Some of these factors include: the threatening presence of several officers, the display of weapons, physical touching, and use of language or tone indicative of authority. See R.R., at 182. Applying the factors, the Court found that R .R. abandoned the contraband before the officers could say anything. Accordingly, the Court held that the mere presence of the officers did not provide a coercive situation and, therefore, reversed the trial court’s Order suppressing the contraband. See R.R., at 184.
*442 Unlike in R.R., however, m the instant case, the appellant was approached by three uniformed officers who were in marked squad cars pulled up along either side of the appellant. Appellant was then told to stop and was asked his name and address. Applying the R.R. factors to the instant case, the trial court found that the only applicable factor was the presence of the three officers. The court found that a reasonable person in appellant’s shoes would have believed that he was free to go since the officers did not display then-weapons, since there was no showing of physical touching and no indication of authoritative tone on the part of the officers.
We respectfully disagree with the trial court that R.R. is controlling of the facts in the instant case and find that the instant case is more in line with Popple and Lang v. State, 671 So.2d 292 (Fla. 5th DCA 1996). In Popple, an officer approached defendant’s car from the rear and, after observing him making furtive movements, asked defendant to exit the car. When defendant opened the door, the officer saw a cocaine pipe on the floorboard of the car. Defendant was arrested and the pipe and several rocks of cocaine were seized. Defendant appealed his conviction claiming that the pipe and cocaine should have been suppressed because the officer did not have the requisite reasonable suspicion to direct him from his vehicle. Finding that defendant was seized by virtue of submitting to the officer’s show of authority and, because the officer did not form the reasonable suspicion necessary to authorize an investigatory stop, the Court in Popple held that the detention was illegal. Accordingly, the acquisition of the cocaine and drug paraphernalia was the fruit of an unconstitutional seizure. See Popple, at 188.
Similarly, in Lang, the defendant was approached from behind by a deputy and was instructed to step back into the deputy’s patrol vehicle and take his hand out of his pocket. The deputy then asked defendant for identification. As the defendant took his hand out of his pocket, he threw a brown pill bottle to the rear of him. When the deputy retrieved the bottle, he discovered the contraband inside. On appeal of the denial of defendant’s motion to suppress the contraband, the Fifth District explained that the case turns on whether defendant submitted to the deputy’s authority at the time he dropped the pill bottle. See Lang, 671 So.2d at 293-94 citing California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1647, 113 L.Ed.2d 690 (1991) (a seizure occurs when a person is physically subdued by police, or submits to an officer’s show of authority). The Court recognized that while the defendant was not physically subdued, he submitted to the deputy’s authority by beginning to comply with the deputy’s instruction to get into the patrol car. The Court explained the distinction that if the deputy merely asked defendant to approach the car in order to speak with him, and defendant threw down the contraband defendant would have voluntarily abandoned the contraband and it could have been used as evidence against him. See Lang, 671 So.2d at 294.
Realistically, under the facts of the instant case, a juvenile approached by three officers who ordered him to stop and arguably blocked appellant’s passage with the police vehicles, although not physically restrained, might reasonably feel she or he is not free to disregard the officers’ requests. Compare O.A. v. State, 754 So.2d 717, 718-19 (Fla. 4th DCA 1998)(where the juvenile approached scene and the officers. Thereafter, the juvenile consented to a search of his bag where the officers found contraband) with D.G. v. State, 714 So.2d 644, 646 (Fla. 4th DCA 1998) (where the officer “ordered” juveniles to come to him “using words of compulsion.” The Court held a reasonable juvenile would not feel free to leave.). Accordingly, we reverse and remand with directions that the trial court grant appellant’s motion to suppress.
Reversed and remanded with directions.