780 So.2d 1036 (2001)
David Lee CHAPMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-63.
District Court of Appeal of Florida, Fourth District.
April 4, 2001.
Carey Haughwout, Public Defender, and David J. McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Appellant pled no contest to possession of cocaine, reserving the right to appeal the denial of his motion to suppress. We find no error in the denial of his motion to suppress and affirm his judgment of conviction.
On the morning of August 16, 1999, Deputy Todd Finnegan of the Indian River County Sheriff's Office was traveling southbound on 38th Avenue in the Gifford *1037 area, when he came upon a line of cars moving slowly at five miles per hour. Officer Finnegan looked ahead to see what was holding up the traffic. He saw appellant riding a bicycle with the flow of traffic on the right side of the road. Although the officer did not observe appellant violating any traffic laws, he was concerned that appellant was impeding traffic and causing cars to back up. Without activating his emergency lights or siren, Officer Finnegan pulled off to the side of the road to speak with appellant. When the officer got out of his patrol car, he made eye contact with appellant and said, "Come here for a minute, can I talk to you?" Appellant pulled up next to the officer, got off his bicycle, and said, "Sure." The officer then asked appellant for identification. Appellant promptly produced it, but he became very nervous and started shaking. After conducting a warrant's check, the officer advised appellant that he was impeding traffic by riding his bicycle so slowly and warned appellant to be careful. Noticing that appellant was still shaking and growing more nervous, Officer Finnegan asked if he could search appellant. Appellant agreed. The officer's search uncovered six pieces of crack cocaine in appellant's sock.
Appellant moved to suppress the cocaine, contending that it was obtained during an unlawful investigatory detention. He argued that he was stopped and detained by Deputy Finnegan without founded suspicion of unlawful activity, and, as a result, his subsequent consent to be searched was involuntary. The state conceded that there was no lawful basis for a stop, but countered that the contact between appellant and the deputy was a consensual encounter and that appellant voluntarily consented to the search.
After a hearing on appellant's motion to suppress the evidence, the trial court agreed with the state and entered a written order denying the motion. In its order, the trial court stated that "no evidence was presented that the encounter was confrontational, coercive, oppressive or dominating," and that "Deputy Finnegan did not hinder or restrict the defendant's freedom to leave or freedom to refuse to answer questions." The court also said that it considered the defendant's cooperative manner during the initial encounter and the "totality of the circumstances of this case" in concluding that "this was a consensual encounter involving only minimal contact and the defendant was free to comply with Deputy Finnegan's requests or choose to ignore them."
It is well-settled that a trial court's ruling on a motion to suppress is presumed to be correct and that the appellate court will interpret the evidence and reasonable inferences and deductions therefrom in a manner most favorable to sustaining the trial court's ruling. See Porter v. State, 765 So.2d 76 (Fla. 4th DCA 2000). Although an appellate court must accept the trial court's findings of historical fact when reviewing the denial of a suppression motion, it must review de novo its application of established law to those facts. Curtis v. State, 748 So.2d 370, 371 (Fla. 4th DCA 2000).
A consensual encounter is one in which a reasonable person would feel free to disregard the police and go about his business. Voorhees v. State, 699 So.2d 602, 608 (Fla.1997)(applying the Supreme Court's definition of a consensual encounter in Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991)). A consensual encounter does not require the police to have a reasonable suspicion of any improper conduct before initiating conversation. Voorhees, 699 So.2d at 608 (citing Popple v. State, 626 So.2d 185 (Fla. 1993)).
The facts in this case are not disputed. What the parties disagree about is whether the trial court correctly characterized the contact between the officer and appellant as a consensual encounter. Specifically, they differ on whether Deputy Finnegan initially approached appellant *1038 using words of compulsion that a reasonable person would not have felt free to ignore. Deputy Finnegan began by saying to appellant, "Come here ..." He ended this statement by asking appellant, "[m]ay I talk to you?" The state argues that the deputy's statement, when viewed in its entirety, and the surrounding circumstances lacked indicia of coercion to convey to a reasonable person that he was not free to disregard the officer and continue on his way. See State v. Davis, 543 So.2d 375 (Fla. 3d DCA 1989)(holding that a consensual encounter occurred where the officer drove alongside a bicyclist riding down the street and asked if he might speak with him for a minute); Graham v. State, 495 So.2d 852 (Fla. 4th DCA 1986)(finding a consensual encounter where officers pulled alongside the appellant, who was riding a bicycle, and inquired as to his identity).
The record supports the trial court's finding that the contact between Deputy Finnegan and appellant was a consensual encounter. As the court noted in its written order, there was no evidence suggesting that the deputy's manner was "confrontational, coercive, oppressive or dominating." The trial court properly applied the "reasonable person" test to its analysis and evaluated the totality of circumstances surrounding the roadside encounter in concluding that the encounter was consensual.
The record also supports the court's determination that appellant voluntarily consented to the search of his person. See Davis v. State, 594 So.2d 264, 266 (Fla.1992)(determination of whether the consent to a search was voluntary is a question for the trial judge and should not be disturbed on appeal unless the determination is clearly erroneous).
AFFIRMED.
POLEN and STEVENSON, JJ., concur.