BATEMAN, THOMAS H., Ill, Associate Judge.
Appellant pleaded no contest to possession of marijuana while reserving his right to appeal the denial of his motion to suppress evidence. The trial court withheld *327 adjudication and placed appellant on juvenile probation following which he timely appealed the denial of his motion to suppress. We affirm.
On the night of May 9, 2005, Palm Beach County deputies Psani and Van Du-sen were patrolling a neighborhood in response to a call regarding juveniles carrying a BB gun. Each drove a marked patrol car and encountered appellant and his friend as the pair walked down a street. The deputies asked the boys for their names and identification. They focused their attention on appellant’s friend, who appeared to try to walk away when they approached. The officers paused to tell appellant to wait on the side of the road. Appellant moved off the roadway onto the adjacent grassy swale, approximately twenty feet away, where he stood ignored by the deputies.
Corporal McKenna, having heard on his radio that the deputies had encountered the two juveniles, responded to the scene and parked a short distance away. McKenna’s arrival was unnoticed by the deputies or by appellant. He testified at the hearing on the motion to suppress that he saw appellant standing alone in the swale off to the side of the roadway. McKenna saw that appellant was merely watching the deputies interact with his friend and was not in police custody. As Corporal McKenna approached, still unnoticed, he saw appellant reach into his pocket, discretely pull out a small plastic baggie, drop it near his feet, and walk away from it. McKenna retrieved the baggie, saw that it contained a substance resembling marijuana, and arrested appellant. The contents of the bag were later identified as 1.22 grams of marijuana.
The sole issue for our consideration is whether the trial court erred in denying appellant’s motion to suppress the marijuana evidence. The trial court’s ruling comes to this court with a presumption of correctness. This court must interpret the evidence and all reasonable inferences in a manner most favorable to sustaining the ruling. Nicholas v. State, 857 So.2d 980 (Fla. 4th DCA 2003) (citing Pagan v. State, 830 So.2d 792, 806 (Fla.2002)). The standard of review applied to the trial court’s factual findings is whether competent, substantial evidence supports the findings; however, the trial court’s application of the law to the facts is reviewed de novo. Koppelman v. State, 876 So.2d 618 (Fla. 4th DCA 2004); Backus v. State, 864 So.2d 1158 (Fla. 4th DCA 2004); State v. J.D., 796 So.2d 1217 (Fla. 4th DCA 2001).
We find that the trial court’s ruling is supported by competent substantial evidence. There is nothing in the record below to indicate that appellant’s encounter with the deputies was anything other than consensual or that appellant submitted to some sort of police authority that would convert his abandonment of the marijuana from voluntary to involuntary. See California v. Hodari, 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); Popple v. State, 626 So.2d 185 (Fla.1993). Compare State v. Baldwin, 686 So.2d 682 (Fla. 1st DCA 1996) (Baldwin voluntarily abandoned contraband when police asked him to take his hands out of his pockets while they questioned his friend) with Lang v. State, 671 So.2d 292 (Fla. 5th DCA 1996) (involuntary abandonment when Lang dropped contraband after being instructed to get into police car).
We find no error in the trial court’s denial of appellant’s motion to suppress.

Affirmed.

STEVENSON, C.J., and STONE, J., concur.