SCHWARTZ, Senior Judge.
The conduct of the appellant juvenile, a sixteen-year-old female, which consisted only of walking down the street in a “high prostitution area” at 9:30 in the evening[1], did not give rise to the founded or articulable suspicion of unlawful activity necessary to justify the Terry stop effected by the police when, after engaging in a consensual and uneventful conversation, they placed her in their patrol car pending a “record search.” See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Johnson v. State, 610 So.2d 581 (Fla. 1st DCA 1993); Smith v. State, 592 So.2d 1206 (Fla. 2d DCA 1992); State v. Hoover, 520 So.2d 696 (Fla. 4th DCA 1988). Because they were thus not then acting in the lawful execution of their duties as Section 843.02, Florida Statutes (2008)[2] requires, she was not guilty, as a *145 matter of law, of resisting an officer under that statute by trying to escape the confinement.[3] See C.H.C. v. State, 988 So.2d 1145 (Fla. 2d DCA 2008); Davis v. State, 973 So.2d 1277 (Fla. 2d DCA 2008); E.A.B. v. State, 964 So.2d 877 (Fla. 2d DCA 2007). See also Tillman v. State, 934 So.2d 1263, 1271 (Fla.2006) and cases cited. The adjudication of delinquency entered on that basis is therefore reversed and the cause remanded with directions to dismiss the petition.
Reversed and remanded.

. The fact that M.R. was known to one of the officers as having been involved in prostitution on a previous occasion does not affect the issue of whether her conduct at the time of the incident justified the stop. See Parsons v. State, 825 So.2d 406 (Fla. 2d DCA 2002); Smith v. State, 592 So.2d 1206 (Fla. 2d DCA 1992); Johnson v. State, 610 So.2d 581 (Fla. 1st DCA 1992).

. “Whoever shall resist, obstruct, or oppose any officer ...; member of the Parole Commission or any administrative aide or supervisor employed by the commission; county probation officer; parole and probation supervisor; personnel or representative of the Department of Law Enforcement; or other person legally authorized to execute process in the execution of legal process or in the *145 lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree ..." (emphasis supplied)

. After the search showed that she was a "runaway,” she exclaimed "I’m not going to go back" and attempted to leave the vehicle.