GERBER, J.,
dissenting.
I respectfully dissent. The majority reasons that a seizure occurred based on the fact that the deputy repeatedly requested appellant to remove his hands from his pockets. I disagree with that reasoning and conclude that a seizure does not automatically occur when an officer requests a person to remove his hands from his pockets.
According to the majority’s reasoning, “[o]ur court has consistently held that orders, or even requests, to remove one’s hand from a pocket will elevate a consensual encounter to the level of an investigatory detention.” See, e.g., Delorenzo v. State, 921 So.2d 873, 876 (Fla. 4th DCA 2006) (“Ordering an individual to take his hand out of his pocket ordinarily turns a consensual encounter into a stop.”); Lee v. State, 868 So.2d 577, 580 (Fla. 4th DCA 2004) (“[OJrders or even requests to remove a hand from a pocket causes a consensual encounter to become a seizure.”) (citation omitted).
I have attempted to trace back our cases to determine when this court first arrived at that holding and on what legal basis. As best I can tell, the holding appears to have originated from one sentence in Can *1258 ion v. State, 550 So.2d 562 (Fla. 4th DCA 1989):
What began as a “mere encounter” between the deputy sheriff and appellant escalated to a temporary detention when the deputy demanded that appellant remove his hand from his pocket. See State v. Oliver, 368 So.2d 1331 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1200 (Fla.1980).
Canion, 550 So.2d at 562-63.
The Oliver case upon which this court relied for that sentence unfortunately contains no such holding. The question presented in Oliver was “whether the police retrieval of evidence discarded in the public streets by a defendant (a) after being illegally ordered to stop by the police but (b) before the police have begun a physical search of the defendant’s person or property, constitutes a search of the defendant’s person.” Oliver, 368 So.2d at 1333. The facts did not involve any request or demand for the defendant to remove his hands from his pockets. In fact, the only mention of “pockets” in Oliver relates to describing what constitutes a search for a hidden object:
Searches of the person therefore include any physical touching of an individual’s body or clothing that causes hidden objects or matters to be revealed, such as rummaging through one’s pockets or clothing [or] patting doum one’s outer clothing without going into the pockets or other inner recesses.... A police demand that an individual disclose or hand over a concealed object is treated as a search ....
Id. at 1335 (emphasis added).
In any event, as the majority acknowledges, some of our sister courts have espoused the view that a request to remove one’s hand from a pocket does not automatically transform a consensual encounter into a seizure. See, e.g., State v. Woodard, 681 So.2d 733, 735 (Fla. 2d DCA 1996) (“[S]uch a request, when made to ensure an officer’s safety, does not elevate a consensual encounter to a detention.”); Lang v. State, 671 So.2d 292, 294 (Fla. 5th DCA 1996) (“Nor is it improper for an officer to ask a person to remove his hands from his pockets during a citizen encounter.”); Sander v. State, 595 So.2d 1099, 1100 (Fla. 2d DCA 1992) (“[I]t was not improper for [the officer] to ask [the defendant] to remove his hands from his pockets.”).
I agree with our sister courts’ view. The second district’s holding in Woodard was based in part on the “totality of the circumstances” approach which the United States Supreme Court articulated in United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980):
[A] person has been “seized” within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer’s request might be compelled. In the absence of some such evidence, otherwise inoffensive contact between a member of the public and the police cannot, as a matter of law, amount to a seizure of that person.
Id. at 554-55, 100 S.Ct. 1870 (emphasis added; internal citations omitted).
The majority attempts to reconcile its reasoning with Mendenhall’s “totality of the circumstances” approach by referring to the fact that “the deputy repeatedly *1259 asked appellant to take his hands out of his pockets.” However, I think it is reasonable for an officer to be able to request a person to remove their hands from their pockets during a consensual encounter to ensure the officer’s safety. Woodard, 681 So.2d at 735. I also think that reasonable persons requested to remove their hands from their pockets, without more, would understand an officer’s request to be just that — a request to ensure the officer’s safety, and not a restriction on their freedom to leave. In my opinion, such a request falls within the category of “inoffensive contact” to which the Court referred in Mendenhall, so long as the other circumstances which might indicate a seizure are not present.
Here, the other circumstances which might indicate a seizure were not present. According to the trial court’s findings of fact, when the deputy requested appellant to remove his hands from his pockets, the deputy “didn’t seem to convey any sense of a command or any attempt to exert his authority.” This result is not changed by the fact that the deputy ultimately said to appellant, “What do you have in your pockets? Do you have any guns, knives, weapons; anything you [think] I need to ... know about?” See State v. Baldwin, 686 So.2d 682, 685-86 (Fla. 1st DCA 1996) (two officers’ initial contact with the defendant and his companion was nothing more than a routine and proper consensual encounter, not a seizure, where the officers politely asked for the two men’s names and addresses, asked whether either one had anything on him that could get him into trouble, and for personal safety reasons asked the defendant if he would mind removing his hands from his pockets).
Based on the foregoing, no seizure occurred before appellant removed his hands from his pockets and the marijuana cigarette fell out. I would affirm.