ROTHENBERG, J.
E.V., a juvenile, appeals the trial court’s order denying his motion to suppress evidence and the subsequent order withholding adjudication of delinquency for possession of cannabis. E.V. contends that the police encounter leading to the discovery of the evidence against him was not consensual and was not supported by reasonable suspicion. Because the record supports the trial court’s finding that the encounter was consensual, we affirm.
Although the arresting officer’s and E.V.’s recitation of the facts differed, the trial court, based on its credibility determinations, found the officer’s testimony credible. The officer testified that after observing E.V. standing outside of a gas station for approximately thirty minutes, he decided to investigate. He therefore exited his patrol car and asked E.V. to come towards him. As he and E.V. walked towards each other, the officer got closer to E.V. and smelled burnt marijuana emanating from E.V.’s clothing. When he asked E.V. about the marijuana smell, E.V. immediately handed the officer a small baggie of marijuana and told the officer where E.V. had acquired it. The trial court concluded that the encounter was consensual and therefore denied E.V.’s motion to suppress the evidence.
A trial court’s ruling on a motion to suppress evidence presents a mixed question of fact and law whereby the reviewing court bestows a presumption of correctness to the trial court’s findings of fact, but reviews the application of law to those facts de novo. Connor v. State, 803 So.2d 598, 608 (Fla.2001). The presumption of correctness cloaking the trial court’s findings of fact is rebutted only if there is no competent substantial record evidence supporting that factual determination. Id. “A consensual encounter is one in which a reasonable person would feel free to disre *1165 gard the police and go about his business. A consensual encounter does not require the police to have a reasonable suspicion of any improper conduct before initiating conversation.” Chapman v. State, 780 So.2d 1036, 1037 (Fla. 4th DCA 2001) (internal citation omitted) (citing Voorhees v. State, 699 So.2d 602, 608 (Fla.1997)). When determining whether an encounter with the police is consensual, the court must base its determination on the totality of the circumstances. Caldwell v. State, 41 So.3d 188, 197-99 (Fla.2010); 9 (Fla.2009).
In Chapman, the Fourth District Court of Appeal reviewed a strikingly similar set of facts and rejected the defendant’s argument that the officer had effected an investigatory stop by telling the defendant, “Come here ... [m]ay I talk to you?” 780 So.2d at 1038. The Chapman Court held that when an officer merely asks a suspect to come towards him without any additional show of authority or evidence that the officer was “confrontational, coercive, oppressive or dominating,” the encounter is typically considered consensual. Id.
Similar to the facts of Chapman, in the instant case only one officer was present. There was no evidence that the officer activated any emergency equipment on his police vehicle (no lights or sirens were used), drew or displayed his weapon, touched or restrained E.V., or did anything to block E.V.’s exit or hamper E.V.’s movement. The encounter took place outside in a public place. At no time did the officer make a showing of authority or demonstrate aggressive or coercive behavior towards E.V. In fact, E.V. himself testified that, when he came out of the gas station, the officer pulled up and “he asked me come over here.... I proceeded to come to him.” (emphasis added). At no point did the officer demand compliance— he simply asked E.V. if he would speak with him. E.V. was free to walk away and go about his business or to decline to speak with the officer, which is the very hallmark of a consensual encounter. Thus, the encounter was consensual, and E.V.’s motion to suppress the evidence was properly denied.
Affirmed.