LOGUE, J.
The State appeals an order suppressing evidence. The trial court concluded that a reasonable person in the defendant’s position would not have felt free to leave. Viewing the evidence presented at the suppression hearing in the light most favorable to sustaining the court’s ruling, and reviewing de novo the application of law to the historical facts, we affirm. Compare J.N. v. State, 778 So.2d 440, 442 (Fla. 3d DCA 2001) (concluding that a juvenile’s encounter with police was a seizure where three uniformed police officers “ordered him to stop and arguably blocked [his] passage with the police vehicles”), and F.E.H., Jr. v. State, 28 So.3d 213, 216-17 (Fla. 4th DCA 2010) (holding a juvenile’s encounter with police was a seizure where a detective’s “order” to “come here” combined with the presence of four or five other officers conducting a police sweep “created a display of authority sufficient to convince a reasonable juvenile that he had no choice but to comply with the detective’s direction”), with E.V. v. State, 138 So.3d 1163, 1165 (Fla. 3d DCA 2014) (holding a juvenile’s encounter with one police officer was consensual where the juvenile testified that the officer “asked me come over here”).
Affirmed.